HERMAN FELSENTHAL *et al.*

*v.*

WILLIAM T. JOHNSON.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. TAXATION—*what constitutes an assessment.* The schedule returned by a party to the assessor is not an assessment until it is passed upon and approved by the assessor. The schedule is required to enable the assessor to perform his duty of assessing the value of the property. The act of assessing is official, and must be performed by the assessor.

2. SAME—*remedies for grievances in assessment.* The statute has provided ample means for all grievances in the assessment of property for taxation, whether by over-valuation, or by imposing the assessment on property not subject to taxation, or on property not owned or liable to be assessed to the tax-payer. The statute embraces every kind of grievance in the assessment of property.

3. The statute gives an appeal from the action of the assessor to the town board of review, and again to the county board. On property assessed after the fourth Monday of June, application for relief is given to the county board, under the rules regulating the township board of review, at the meeting of the same on the second Monday of July in each year.

4. CHANCERY—*remedy at law.* To entitle a party to equitable relief where he has not availed of his legal remedy, he must have used every reasonable effort to have sought his legal remedy. His or his agent's negligence is fatal in such case.

5. In matters of revenue, courts of equity rarely grant relief, and never where the party has means of relief at law, and fails or refuses to pursue his legal remedy, or show equitable excuse for such failure.

6. SAME—*relief against taxes on the ground of accident or mistake—negligence to pursue legal remedy.* A person assessed for taxation who knows of the amount assessed in time to appeal to the county board to have the same corrected for over-valuation, and makes a slight effort to do so by filing objections with the county clerk, who promises to notify him when to appear before the board, which the clerk fails to do, has no ground for equitable relief under the head of accident or mistake. The clerk's neglect, as his agent, is his own, for which he is responsible.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. MOSES & NEWMAN, for the appellants.

Mr. CONSIDER H. WILLETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed to restrain the collection of taxes levied for State, county and local purposes, for the year 1878, against appellants, as private bankers. They furnished the assessor with a list of what they claim was all of the property in their hands subject to taxation. The assessor subsequently notified them to appear on a specified day, for the purpose of fixing the assessable amount of their property. One of the members of the firm applied at the office of the assessor at the time named, and submitted to an examination as to the taxable property in their hands. The valuation was not then fixed. One of appellants says he asked if his explanation was satisfactory, when the assessor replied he would let him know, but never gave him any notice.

The assessor fixed the value of the property at a much larger sum than it was returned by appellants, and it is claimed, and there is evidence tending to show, appellants were not notified of the amount of the valuation. The hearing before the assessor was on the 13th day of August, 1878. Felsenthal swears he accidentally learned that the assessor had fixed the value higher than he had returned it, some days after, while the county equalizing board was in session, and that he filed with the clerk of the board of commissioners objections to the amount fixed by the assessor, and that the clerk said to him he would inform him when it would be necessary to testify before the board. The clerk testifies that he has no recollection of the matter, nor does the record show anything in reference to it. He says he directed parties to file the objections with the committee on equalization, etc., which was in daily session; that the committee, when

it acted on objections, usually returned the papers to him, and he filed them, but was unable to find any as to this assessment. Felsenthal testifies the clerk informed him the committee referred the objections back to the assessor, but the clerk does not sustain him in this. It is not claimed that appellants, or any one for them, appeared before the committee to obtain a reduction or to have the claim of over-assessment corrected. No other steps were taken than what is claimed above. On the hearing the court below dismissed the bill, and appellants seek to reverse that decree.

In matters of revenue, courts of equity rarely grant relief, and never where the party has means of obtaining relief at law, and fails or refuses to pursue his legal remedy, or shows an equitable excuse for such failure. The statute has provided ample means for the correction of errors in assessments of property for taxation, by an appeal to the town board of review, and again to the county board. These appeals are provided for and regulated by the 86th and 97th sections of the Revenue law. The first provides that property assessed as this was, after the fourth Monday of June, the time for the meeting of the town board of review, shall be subject to complaint to the county board, under the rules regulating the town board of review. The 97th section provides there shall be a meeting of the county board on the second Monday of July in each year, and on the application of any person considering himself aggrieved, "they shall review the assessment, and correct the same, as shall appear to be just." The statute thus provides ample means for all grievances in the assessment of property for taxation, whether by over-valuation, or by imposing the assessment on property not subject to taxation, or on property not owned or liable to be assessed to the tax-payer. It embraces every kind of grievance in the assessment; and even where there is a supposed grievance, the tax-payer has but to appear, make his complaint known, and have a hearing. If appellants felt themselves aggrieved

they had but to appear and state their complaint, and be heard. This they failed to do, and so failing, chancery will not assume jurisdiction to review the assessment. They failed to pursue their remedy at law, and can not appeal to equity for relief against their own neglect.

It is urged that relief should be granted under the equity head of accident. We fail to see that there was any accident. Appellants knew the amount of the assessment in time to appeal to the county board to have it corrected. They knew that the board was in session, and they failed to attend and prove there was an over-assessment. Although the assessment was made too late for an appeal to the town board of review, it was in time for a review by the county board, and they were apprised of the fact, and made some slight effort to bring the matter before the board. Felsenthal testifies he filed objections with the clerk, who promised to notify him when he should appear before the board to testify. If he constituted the clerk, as he says, his agent, and the clerk failed to notify him, the neglect of his agent was his, and he must be held responsible for that neglect. No such accident is shown as equity regards as ground for relief. To entitle a party to equitable relief when he has not availed of his legal remedy, he must have used every reasonable effort to have employed it.

It is urged that the assessor, without notice or hearing, changed the assessment of appellants' property, and this is ground for equitable relief, and decisions of this court are cited in support of the doctrine. The authorities have no application, because the record fails to show that such a change was made by the assessor. There was but one assessment on his books, and that was made after one of appellants submitted to the examination on the 13th day of August. The assumption seems to be that the schedule returned by appellants was the assessment, and that the larger sum placed on the assessor's books was an alteration of the assessment.

This is not true.    The assessor, and not the tax-payer, makes the assessment.    The latter is required to make and return the schedule to enable the assessor to perform the duty of assessing the value of the property.    Until the assessor approves the schedule, or makes a new one and fixes the valuation of the property, there is no assessment. The act is official, and must be performed by the assessor. It is his judgment, and not that of the tax-payer, that controls.    We fail to find that the valuation of this property was ever changed after it was fixed by the assessor, whose duty it was to fix the amount.    The cases therefore have no application to the facts in this case.    Appellants objected that the value was placed at too large a sum.    The assessor's valuation is presumed by the law to be correct, and it devolves upon the tax-payer to overcome that presumption by proof. He offered no proof to establish that objection.    He did not appear before the committee and have a time fixed for a hearing, nor did he do any act to have his evidence heard. He could have availed of the means of learning when he could be heard by the committee.

There is no evidence that the committee referred this objection back to the assessor.    It only appears that the clerk informed one of appellants that there was such action by the committee.    It was but hearsay evidence, at most.    If such was the action, we presume it appears of record somewhere, or there was legitimate evidence of the fact, and could have been produced.    But if the evidence had been heard, we do not determine now whether it would constitute ground for relief.

The decree of the court below is affirmed.

*Decree affirmed.*