### The Illinois Central Railroad Company

*v.*

### John Hodges *et al.*

*Filed at Springfield March 30, 1885.*

| 113 | 323 |
|-----|-----|
| 121 | 528 |
| 113 | 323 |
| 147 | 493 |
| 113 | 323 |
| 172 | 90 |
| 113 | 323 |
| 174 | 332 |
| 113 | 323 |
| 175 | 390 |
| 113 | 323 |
| f188 | 5574 |
| 113 | 323 |
| e189 | s555 |

1. Taxation—*of the remedy by injunction for improper assessment.* A court of equity will not enjoin the collection of a tax unless the tax itself is unauthorized by law, or is levied upon property not subject to taxation, or the property upon which it is assessed is fraudulently valued at too high a rate; but in those cases the collection of the tax will be enjoined.

2. So a person owning real estate which is exempt from taxation is not required to take notice of its illegal assessment, nor to appear before the local tribunals to protect his property from taxation; and when it is illegally assessed he may resort to a court of equity for an injunction.

3. Same—*cumulative remedy by statute, when exempt property assessed.* Section 97 of the Revenue law empowers the board of supervisors in counties under township organization, to hear and determine the application of any person who is assessed on property exempt from taxation, and the question may be taken thence by appeal to the Auditor, and be by him brought before the Supreme Court for final review. This remedy, however, is merely cumulative to that in equity to enjoin.

4. Same—*former decision.* It was said in *Preston et al.* v. *Johnson,* 104 Ill. 625, in speaking of the jurisdiction of the county board to give relief as to property exempt from taxation, "the remedy through the county board of review and by appeal we regard as adequate and exclusive." While this was true in that particular case, it is not universally true, and is therefore calculated to mislead. The statutory remedy becomes exclusive only when it is selected and a decision under it invoked.

5. Same—*remedy in case of over-valuation.* Where the complaint is that the local assessor has over-valued property, the owner must resort to the tribunals provided by the statute for review in such cases. A court of equity is not empowered to value property for taxation.

Appeal from the Circuit Court of Alexander county; the Hon. David J. Baker, Judge, presiding.

Messrs. Green & Gilbert, for the appellant:

The jurisdiction of a court of equity to interfere by injunction, extends to all cases where a tax is assessed upon property not subject to taxation, and in like cases. *Railroad Co.*

v. *Code,* 75 Ill. 591; *Town of Lebanon* v. *Railroad Co.* 77 id. 539; *Gage* v. *Evans,* 90 id. 569; *Wilson* v. *Weber,* 96 id. 454; *Lemont* v. *Stone Co.* 98 id. 94.

As to cases where the collection of a tax may be enjoined, see *Vogt* v. *Ayer,* 104 Ill. 383; *Johnson* v. *Lyon,* 106 id. 64; *Moore* v. *Wayman,* 107 id. 192; *Railroad Co.* v. *Johnson,* 108 id. 11; *Sivwright* v. *Pierce,* id. 133; *Halstead* v. *Adams,* id. 609.

The case of *Preston* v. *Johnson,* 104 Ill. 625, does not decide that there is no remedy in equity.

Appellant was not bound to avail of the remedy at law afforded by section 97 of the Revenue act. It had a right to rely on its contract with the State that its property should be exempt from taxation.

Mr. John M. Lansden, for the appellees:

Even conceding appellant's elevator was exempt from taxation, there was a complete remedy at law under section 97 of the Revenue law. The question has been settled by this court. *Preston* v. *Johnson,* 104 Ill. 625; *Felsenthal* v. *Johnson,* id. 21.

Appellant failed to appear before the county board at its session in July, 1881, and failed also to make any objection to the rendition of judgment against its property in May, 1882. *Adsit* v. *Lieb,* 76 Ill. 198; *People* v. *Big Muddy Iron Co.* 89 id. 116.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

This is a bill in equity, to enjoin the collection of a tax assessed against a certain lot or tract of land occupied by a large grain elevator, in the city of Cairo.

The case made shows that the property is exempt from taxation under the provisions of appellant's charter, but the court below dismissed the bill upon the ground that appel-

lant's remedy is at law,—and this, as is asserted, upon the authority of *Felsenthal et al.* v. *Johnson*, 104 Ill. 21, and *Preston et al.* v. *Johnson*, id. 625. This was error. The effect of the decisions in the cases cited was misapprehended. We have held that a court of equity will not enjoin the collection of a tax unless the tax itself is unauthorized by law, or the tax is assessed upon property not subject to taxation, or the property upon which it is assessed is fraudulently valued at too high a rate; but in those cases the collection of the tax will be enjoined. Where the complaint is made that the local assessor has over-valued property, the owner must resort to the tribunals provided by the statute for review in such cases. A court of equity is not empowered to value property for taxation, but those boards afford ample remedy for all errors in valuation, and they must be resorted to for relief when complaint is made in that regard. *Felsenthal et al.* v. *Johnson, supra,* and *Adsit* v. *Lieb et al.* 76 Ill. 198, are illustrations.

Where an individual has property subject to taxation, he is chargeable with knowledge that it will be assessed for that purpose, and he must ascertain whether the valuation is satisfactory, and if it shall not be, apply to the statutory tribunals for relief. But where an individual has property that is exempt from taxation, he has a right to assume that the law will be observed, and he is not, therefore, required to take notice of its illegal assessment and valuation, nor to appear before the local tribunals in that regard. He is required to do no affirmative act to insure that his property shall be protected under the law exempting it; and when it is illegally assessed, as we have said, he may resort to a court of equity for an injunction. True, the 97th section of the Revenue law empowers the board of supervisors in counties under township organization, to hear and determine the application of any person who is assessed on property exempt from taxation, and the question may be taken thence by appeal to the Auditor, and be by him brought before this

court for final review. When any person shall be informed that property owned by him, and exempt from taxation, has been illegally assessed, he may apply to the board of super- visors for relief under this section; and if he shall do so, he can not then, after an adverse decision, go into chancery for relief,—and that was the case in *Preston et al.* v. *Johnson, supra.* Having selected his forum,— one which affords a completely adequate remedy,—he must adhere to it. But in the case of real estate, especially, having a right to rely upon the law exempting him without doing any affirmative act, and not being constructively charged with knowledge of an illegal assessment, he may not, in fact, know that his prop- erty is illegally assessed until it is too late to apply to the board of supervisors for relief; and so it must follow, that in this class of cases the remedy provided by that section is cumulative, only,— and so we expressly decided in *Peoria Fair Association* v. *The People ex rel.* 111 Ill. 559. If the party elect the remedy provided by this section, he will not be allowed to abandon it and then go into equity, but he may go into equity in the first instance, and have relief. The concluding sentence in the opinion in *Preston et al.* v. *Johnson,* which reads, "The remedy through the county board of re- view and by appeal we regard as adequate and exclusive," although true in that case, is not universally true, and is therefore calculated to mislead. The remedy is adequate, and when that forum is selected and its decision invoked, it becomes exclusive. In cases like the present, before a tri- bunal has been selected, it must be regarded as only affording a cumulative remedy.

The decree is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*