GIDEON CAMP

*v.*

S. M. SIMPSON.

*Filed at Springfield October 6, 1886.*

1. TAXATION—*errors and irregularities in assessment—remedy—by injunction, or at law.* A court of equity will not enjoin the collection of a tax for errors and irregularities on the part of the assessor, if the injured party neglects to avail himself of the remedy given by law.

2. So where a person, in listing his property for assessment, declined to give in any moneys and credits when requested so to do, though he was liable to taxation on credits, and the assessor added $20,000 for moneys and credits to his assessment, and notified him of that fact, and of the time and place of the meeting of the board of review, but he failed to appear before that board and seek relief against the assessment, it was *held*, on bill to enjoin the collection of the tax on the moneys and credits, that having failed to avail of the remedy afforded by the law, a court of equity could not interfere.

3. If, however, an assessor, after accepting a person's list of personal property and fixing the valuation, should, without notice of any kind, enlarge the assessment by adding thereto an item for moneys and credits, such additional sum might be regarded as having been assessed without authority of law, and the tax arising thereon enjoined.

4. SAME—*notice to owner to appear before the board of review—whether it must be in writing.* A tax-payer will not be excused from appearing before the board of review to have his assessment reduced or corrected because not notified in writing to so appear. The eighty-sixth section of the Revenue law, requiring a written notice to the tax-payer, applies only to cases where complaint is made that a person has been assessed too low. In that case, written notice is required, before the board can act.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. Francis M. Wright, for the appellant:

In this case appellant had not refused to make a schedule, and therefore the assessor had no power, under section 24, to do what he did. He did not offer to examine appellant under oath, and there was no refusal under oath to make a full discovery, and therefore the assessor· had no power, under section 26, to list the property.

A court of equity will restrain the collection of taxes in cases of fraud, or where the assessment or levy is made without the authority of law. *McConkey* v. *Smith,* 73 Ill. 313; *Drake* v. *Phillips,* 40 id. 388; *Vieley* v. *Thompson,* 44 id. 9.; *Cleghorn* v. *Postlewaite,* 43 id. 428; *National Bank* v. *Cook,* 77 id. 622.

It is not claimed that the appellant was notified that his assessment was to be increased until the fourth Monday of June,—the day of the meeting of the town board,—and that was only verbal, to appear and object to an increase of his assessment. Rev. Stat. chap. 120, sec. 86.

Mr. R. C. Wright, for the appellee:

It was the duty of appellant to have furnished a correct and truthful schedule of his personal property, and failing to do so, the assessor was authorized to make one for him. (Rev. Stat. chap. 120, sec. 83.) He was notified that his schedule was not satisfactory, and requested the assessor not to make his credits too much.

Appellant having notice of the action of·the assessor, and of the meeting of the board of review, and failing to appear and complain of such action, a court of equity will not interfere in his behalf.

No notice in writing was necessary. That applies only on complaint that a person's assessment, as·returned by the assessor, is too low.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, to enjoin the collection of a tax. assessed for the year 1884, against appellant, under the head, "Credits of others than bank, banker, broker or stock-jobber,. $20,000."

There is no substantial disagreement between the parties. in regard to the facts upon which the decree of the circuit. court was rendered. In May, 1884, the assessor of the town of Ludlow, in Champaign county, as appears from the evidence, called on appellant for the purpose of assessing his. personal property for that year. The appellant gave the· assessor a list of his personal property, which was inserted. in a blank prepared for that purpose by the assessor. The· list or schedule of property was signed by appellant, and valued by the assessor at $857. This list included no money or credits whatever. A few days after the list of property had been furnished, the assessor learned that appellant owned a large amount of notes which had not been given in. He· then called upon appellant, and informed him what he had learned, and requested him to list this property. Appellant. did not deny that he had money and credits, but claimed that they were assessable in Paxton. The appellant declined to· ·list the property, and the interview terminated, the assessor· informing appellant if he did not give in the property he· would assess it. Accordingly $20,000 was afterwards added to appellant's assessment.

In *Felsenthal* v. *Johnson*, 104 Ill. 21, where a bill was filed. to enjoin the collection of taxes, it was held that the party aggrieved had a legal remedy, and to entitle a party to equitable relief where he has not availed of his legal remedy, he· must have used every reasonable effort to obtain the remedy provided by law. In *Humphreys* v. *Nelson*, 115 Ill. 46, where a like bill was filed to enjoin the collection of a tax, on the ground of an erroneous assessment, it was held that the party

complaining had a remedy at law for the correction of the errors resulting in the injury sustained, and as he had neglected to resort to that remedy, a court of equity would not grant relief.

It is not a material inquiry here, whether the assessor proceeded strictly in conformity to the statute in making the assessment. If, as held in the cases cited, appellant had a complete remedy at law, and neglected to avail of that remedy, then he has no standing in a court of equity, although errors may have intervened in the assessment. If the appellant had listed his personal property with the assessor, and the assessor had made the assessment at $857, and then, without notice of any character to appellant, enlarged the assessment by adding thereto $20,000, such additional assessment might be regarded as without authority of law, and a tax arising from such an assessment could not be collected or sustained in any court. But such is not this case. After the appellant had given in his property, but before the assessor had completed the assessment of his town, he notified appellant that he had not listed all of his property, and that his assessment would have to be increased. Appellant, as appears from the evidence, did not object to the assessor enlarging the assessment, but requested that it should not be made too much. It appears that the assessor then added $20,000 to the assessment, and on the morning of the fourth Monday in June, 1884,—the day upon which the town board of review met to review the assessments of property made by the assessor in the town,—the assessor notified appellant what he had done, and informed him, if he was not satisfied, that he could go before the board of review, which met on that day, and have the assessment corrected. But appellant made no effort whatever to obtain a correction of the assessment.

Section 86 of the Revenue law provides, that "the assessor, clerk and supervisor of the town shall meet on the fourth

Monday in June, for the purpose of reviewing the assessment of property in the town, and on the application of any person aggrieved they shall review and correct the same, as shall appear just." Here was a complete remedy provided, where appellant might, if his assessment was too high, on application, obtain complete relief. He knew what the assessment was before the meeting of the board, and was notified to appear, if he desired relief, but he neglected to take any steps whatever to obtain relief. Under such circumstances equity can not interfere. Appellant had a remedy, and a complete one, by following the course pointed out by the statute, where the assessor has made an erroneous assessment.

It is, however, insisted in the argument, that appellant was not bound to appear before the board of review, because he was not notified in writing. Under section 86, where complaint is made to the board that a person has been assessed too low, the board can not act on such a complaint until the person assessed, or his agent, has been notified in writing; but this part of the statute has no application whatever to a case where a person appears before the board and asks for the correction of an erroneous assessment. In such a case no written notice is required. It was only necessary that appellant knew, or by the exercise of proper diligence might have known, what his assessment was in time to appear before the board and ask for relief.

We perceive no error in the decree of the circuit court dismissing the bill, and it will be affirmed.

*Decree affirmed.*