DANIEL H. KOCHERSPERGER, County Treasurer,

*v.*

WALTER C. LARNED, EXR. *et al.*

*Opinion filed February 14, 1898—Rehearing denied April 7, 1898.*

1. REVENUE—*it is the duty of a county board to hear complaints of alleged over-valuation by assessor.* Section 97 of the Revenue act (Rev. Stat. 1874, p. 873,) makes it the imperative duty of a county board to entertain, consider and determine the complaints of parties claiming an over-valuation of their property by the assessor, and the statute makes no provision for the hearing and determination of such complaints by any other tribunal.

2. MANDAMUS—*mandamus lies to compel county board to pass upon complaints of over-valuation.* Mandamus lies to compel a county board to hear and determine complaints of parties feeling themselves aggrieved by an over-valuation of their property by the assessor.

3. INJUNCTION—*jurisdiction of equity to enjoin collection of taxes.* A court of equity will not enjoin the collection of a tax unless the tax itself is unauthorized by law, or is levied upon property not subject to taxation, or the property assessed is fraudulently valued at too high a rate.

4. SAME—*tax will not be enjoined because the county board refused to review assessment.* One who fails to apply for *mandamus* upon the county board's refusal to pass upon his complaint of over-valuation of his property by the assessor, cannot enjoin the collection of the tax on the ground of such refusal, where it is not claimed that the over-valuation was fraudulent.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

FRANK L. SHEPARD, Ass't County Attorney, (ROBERT S. ILES, County Attorney, of counsel,) for appellant.

L. M. GREELEY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity brought by appellees, owners of a certain tract of land in the town of West Chicago, consisting of twenty acres, against the county collector of Cook county, to enjoin the collection of taxes assessed on the property by the town assessor for the year 1896. The bill prayed that the assessment might be reviewed and corrected, and the court should ascertain the proper amount of taxes to be paid, and the excess over such proper amount should be perpetually enjoined. A general demurrer was interposed to the bill, which the court overruled, and, the county collector electing to abide by the demurrer, a decree was rendered revising and correcting the assessment as prayed for in the bill, to reverse which the collector appealed.

The question presented by the record is, whether the facts set up in the bill and admitted by the demurrer are sufficient to authorize the decree rendered by the court.

It is alleged in the bill that the tract in question was not assessed for taxation in the year 1896 until after the fourth Monday in June of that year; that on the second Monday of July, 1896, appellees made complaint to the board of county commissioners of Cook county, at the meeting on that day held for the purpose of hearing complaints of property owners as to the assessed valuation of their property and appeals from the town boards of review of the several towns in Cook county; that appellees' complaints, together with all other similar complaints and appeals from the town boards of review, were on that day referred by the board to its finance committee for consideration; that at a meeting of the finance committee held on September 3, 1896, appellees

introduced evidence before said committee in support of
their complaints, and that the complaints were thereupon
taken under advisement by the committee; that after-
wards, and on September 8, 1896, the board adopted a
resolution reciting "that the assessments as returned by
the assessors in all towns within Cook county are hereby
declared to be the assessments for the year 1896, said
assessor's returns being as follows, viz." It is further
averred in the bill that on September 21, 1896, the com-
mittee on finance unanimously reported to the board "that
under the opinion of the county attorney the action of
the county board at a session held September 8, 1896, in
approving the assessment for said year, precludes action
by your committee on said complaints. The committee
asks to be relieved from further consideration of these
cases. On motion of the board of county commissioners
the report of the finance committee was adopted by a
unanimous vote." It is then set up in the bill that the
board and its finance committee have refused to consider
further appellees' said complaints or to take any action
with respect to them; that appellees' undivided interests
are assessed or valued for taxation higher, in proportion,
than other tracts of land in the same neighborhood and
of the same general character and value per acre, and
that appellees' said properties were thereby made to
bear an unjust and excessive burden of taxation; that
the action of the county board in refusing to review the
assessment of appellees' said property amounted to a
fraud upon appellees.

The bill contains other averments, but as those set
out are the principal ones relied upon it will not be neces-
sary to set out the others here.

Section 86 of the Revenue law (Hurd's Stat. 1897, p.
1328,) provides: "Property assessed after the fourth Mon-
day of June, and all other property whereof the owner or
his agent has made application to the town board to have
the assessment on the same revised as provided by this

section, and has given notice in writing to said board that he will appeal from its decision to the county board, shall be subject to complaint to the county board, and the county board shall revise and correct the assessment upon the same upon application of the owner or his agent, as provided by section 97 of this act; and if it shall appear that the same has been assessed higher in proportion than other lands in the same neighborhood, the county board shall revise and correct the same, and make such reduction in said assessment as shall be just and right." Section 97 provides: "The county board, at a meeting to be held for the purpose contemplated in this section on the second Monday in July, annually, after the return of the assessment book shall— * * * *Second*, on the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment, and correct the same as shall appear to be just." Here the assessment, as appears from the bill, was not made until after the fourth Monday of June, and the owners of the property, under the statute, had the right to apply to the county board for a correction of the assessment, and it was the duty of the county board to hear the application and pass upon it.

No other tribunal has been provided for the hearing of a complaint where there has been an over-valuation of property by the town assessor, as was the case here. In *Adsit* v. *Lieb*, 76 Ill. 198, where a bill in chancery was filed to obtain relief from an excessive assessment, it was held that the complainant's remedy was before the board of review in the town and before the board of supervisors, and not having availed of the remedy provided by law, equity would not grant relief. In *People* v. *Lots in Ashley*, 122 Ill. 297, on application in the county court for judgment against delinquent lands, the court heard evidence in regard to the assessment, and rendered judgment for one-third of the assessment and denied judg-

ment for the remainder. In passing upon the correctness of the action of the county court, this court, after referring to the statute authorizing complaint to be made to the board of review, said (p. 303) that "the assessor, alone, is the person or officer who can, in the first instance, determine the value of property for the purposes of taxation, and no appeal to or right of review by any tribunal other than the boards mentioned is given by law." In *Preston* v. *Johnson*, 104 Ill. 625, where a bill in equity was filed to restrain the collection of a tax, it was held that the county board had jurisdiction to grant the relief prayed, and if it refused relief the party has a remedy by appeal, and not by bill in chancery; that the legal remedy was adequate and exclusive. In *Illinois Central Railroad Co.* v. *Hodges*, 113 Ill. 323, the case of *Preston* v. *Johnson* was approved, with a slight modification in the ruling as to property exempt from taxation. As to such property it was held that the statutory remedy becomes exclusive only when it is selected and a decision under it invoked.

The question in regard to the jurisdiction of courts of equity to entertain bills in equity to restrain the collection of taxes has often been before this court, and it has been held in numerous cases that a court of equity will not enjoin the collection of a tax unless the tax itself is unauthorized by law, or is levied upon property not subject to taxation, or the property upon which it is assessed is fraudulently valued at too high a rate. (*Illinois Central Railroad Co.* v. *Hodges, supra.*) The complaint made of the assessment here does not fall within either of the above grounds. It is nothing more than an over-valuation, which does not come within the jurisdiction of a court of equity, but the party complaining must resort to the legal remedy given by the statute. As was said in the *Hodges case* (p. 325): "Where the complaint is made that the local assessor has over-valued property, the owner must resort to the tribunals provided by the statute for review

in such cases. A court of equity is not empowered to value property for taxation, but those boards afford ample remedy for all errors in valuation, and they must be resorted to for relief when complaint is made in that regard." In the case of *People* v. *Lots in Ashley*, above referred to, the court say (p. 303): "It has been so repeatedly held by this court, under this and similar statutes, that the courts are powerless to revise an assessment or change or set aside a valuation of property made by an assessor or by the boards authorized by law to review the same, when the assessment has been honestly made upon property subject to taxation and upon the proper basis, that a restatement of the reasons for such holding would seem unnecessary."

It is, however, said in the argument, that the board refused to consider and pass upon the complaint made by appellees. Conceding the position to be correct, that would not afford sufficient ground for resorting to a court of equity. The statute made it the imperative duty of the board to hear and determine the complaint of appellees, and if the board refused to do so, *mandamus* would lie to compel a consideration of the complaint. There is no pretense, here, that the town assessor acted fraudulently in making the assessment. The claim is that there was an over-valuation of property—that there was an error of judgment. It may be that the property of appellees was assessed higher than other property of the same kind in the neighborhood, and it may be that they ought to have been given relief by the board, but we perceive no ground upon which a bill of this character can be maintained in a court of equity.

The decree will be reversed and the cause remanded with directions to dismiss the bill.

*Reversed and remanded.*