THE KINLEY MANUFACTURING COMPANY*

*v.*

D. H. KOCHERSPERGER *et al.*

| 174 | 379 |
| --- | --- |
| f188 | ²300 |
| f188 | ²574 |
| f188 | ²575 |
| 174 | 379 |
| 192 | ²231 |

*Opinion filed October 24, 1898.*

1. TAXES—*town board must consider and decide every complaint of over-valuation.* Under section 86 of the Revenue act it is the imperative duty of town boards, or county boards in case of appeal, to hear and decide every tax-payer's complaint of over-valuation by the assessor, and in case of neglect or refusal their action may be compelled by *mandamus.*

2. SAME—*tax cannot be enjoined because board refused to review assessment.* The neglect or refusal of the town and county board to decide a tax-payer's complaint of over-valuation by the assessor is not ground for enjoining the tax, as the tax-payer's remedy in such case is *mandamus.* (*Beidler* v. *Kochersperger,* 171 Ill. 563, and *Kochersperger* v. *Larned,* 172 id. 86, followed.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

These five cases involve substantially the same questions. In each case a bill was filed asking the court to re-value the property, reduce the assessment made by the assessor, enjoin the collection of the amount of taxes extended upon the assessment so made over and above the amount tendered by the complainant, and to direct the county clerk to amend the records and extend the amount so tendered as the taxes against the complainant. Demurrers to the bills were interposed by the defendants and sustained by the court. After the demurrers were sustained the town collectors presented to complainants the warrants in their hands and demanded payment of the taxes as evidenced by said warrants, which taxes were paid by complainants. Thereupon complainants amended their respective bills, and demurrers were again inter-

*The cases of *E. V. Roddin & Co.* v. *Kochersperger,* *Hellyer & Co.* v. *Same,* *Simonds Manf. Co.* v. *Same,* and *Chickering Chase Piano Co.* v. *Same,* have been considered with the above case and are disposed of by this opinion.

posed to the bills as amended, which were in the *Roddin case* and the *Chickering case* sustained, and complainants electing to stand by their bills, the bills were dismissed for want of equity. In the other three cases, viz., the *Hellyer case, Simonds case* and *Kinley case*, the demurrers were overruled by the court below and leave given to defendants to plead or answer. Thereupon defendants filed their pleas duly verified, in and by which they set forth that there were no taxes due from complainants and that they had no warrants in their hands for the collection of any taxes, which pleas were set down for argument and held by the court to be good and sufficient. Complainants in the above three cases then filed their supplemental bills, setting forth payment of the taxes under protest, and asking that defendants be decreed to refund to complainants the amounts in excess of the sums tendered by complainants in their original bills. Defendants' original demurrers then stood to supplemental bills, which demurrers the court sustained and dismissed the supplemental bills for want of equity.

EDGAR BRONSON TOLMAN, and HARVEY MITCHELL HARPER, for plaintiff in error.

FRANK L. SHEPARD, J. T. KRETZINGER, WILL F. A. BERNAMER, and J. J. ROONEY, (ROBERT S. ILES, County Attorney, of counsel,) for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Several questions have been discussed in the arguments filed in these cases, but in the view we take of the record but one question need be considered, as a proper disposition of that one will be conclusive.

As has been seen, the object of the bills was to enjoin the collection of a tax assessed by the local assessors, and the court is asked to re-value the property, reduce the assessment, and order the county clerk to amend the record and extend the proper tax against complainants'

property. The court no doubt sustained the demurrer to the bills on the grounds that the complainants had a complete remedy at law and that the allegations of the bills were not sufficient to authorize a court of equity to interfere. Section 86 of the Revenue law (Hurd's Stat. 1897, p. 1328,) provides: "In counties under township organization, the assessor, clerk and supervisor of the town shall meet on the fourth Monday of June for the purpose of revising the assessment of property in such town, and on the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall revise the assessment and correct the same as shall appear to them just. * * * Any two of such officers meeting are authorized to act, and they may adjourn from day to day upon notifying those present of the date to which they adjourn, until they shall have finished the hearing of all cases presented to them." The section also provides that where property is assessed after the fourth Monday of June, and where an appeal is taken from the action of the town board, the county board shall review and adjust the assessment.

If the local assessor has assessed the property of a tax-payer higher than the same should be assessed, here is a complete remedy provided in which he may obtain proper relief. The law makes it the imperative duty of the town board to give every tax-payer who may consider himself aggrieved, a fair and impartial hearing. So, also, it is the duty of the county board to consider and determine every case brought before it. Whether the cases may be many or only a few, it is the duty of the board to consider and decide every case brought before it, and that duty cannot be disregarded. It is a familiar rule that where there is a complete remedy at law, equity will not interfere. Unless, therefore, that rule is to be disregarded, it is apparent that the complainants had no standing in a court of equity.

In *Illinois Central Railroad Co.* v. *Hodges*, 113 Ill. 323, where a bill was filed to enjoin the collection of a tax, it was held that a court of equity will not enjoin the collection of a tax unless the tax itself is unauthorized by law, or is levied upon property not subject to taxation, or the property upon which it is assessed is fraudulently valued at too high a rate.    It is there said (p. 325): "Where the complaint is made that the local assessor has over-valued property, the owner must resort to the tribunals provided by the statute for review in such cases.    A court of equity is not empowered to value property for taxation, but these boards afford ample remedy for all errors in valuation, and they must be resorted to for relief when complaint is made in that regard.    *Felsenthal* v. *Johnson*, 104 Ill. 21, and *Adsit* v. *Lieb*, 76 id. 198, are illustrations."

It is, however, said that the complainants did apply to the town board for relief, and that the town board, after adjourning from time to time, dismissed the application without any consideration; that the application for relief was taken to the county board and that tribunal refused to consider the application.    In *Beidler* v. *Kochersperger*, 171 Ill. 563, and *Kochersperger* v. *Larned*, 172 id. 86, it was held that *mandamus* would lie to compel a county board to perform the duty imposed upon it by statute to hear and determine complaints of alleged over-valuation of property by the assessor, and one who fails to apply for *mandamus* cannot enjoin the collection of a tax on the ground of such refusal, where it is not claimed that the over-valuation is fraudulent.    The ruling in these cases must control here.    If the town or county board refused to consider the application, complainants should have compelled it to do so by *mandamus*.

The judgment will be affirmed.

*Judgment affirmed.*