(No. 17453.—Decree affirmed.)
FRANK J. WERNER, Admr., *et al.* Appellants, *vs.* J. D. REID,
County Clerk, Appellee.

*Opinion filed October 28, 1926.*

1. PRACTICE—*party entitled to hearing of motion to vacate an order entered in vacation—review.* Section 30 of the Circuit Court act, authorizing the filing of a motion to vacate an order entered in vacation, is intended to provide a hearing, on the merits, of the contention of the party making such motion, and where an order is entered in vacation and a motion to vacate the order is filed at the succeeding term of court before another judge, the latter should not overrule the motion at the direction of the first judge but should set the motion for hearing; but the decree, if right, will not be reversed by the Supreme Court for such procedural error.

2. PLEADING—*when answer must be taken as true.* Where complainants abide by their exceptions to an answer to their bill the answer is to be taken as true, and if sufficient in law the decree of the court dismissing the bill must be sustained.

3. TAXES—*actual notice to administrator of change in assessment is sufficient.* Where a schedule and valuation are delivered by a property owner and are accepted by the assessor as corrct they cannot be afterwards altered without first giving notice to the property owner; but written notice is not necessary, and where the administrator of an estate has actual notice from the assessor that the assessment will be raised and files notice of objection before the board of review no notice is necessary for the hearing before the board, as the administrator is the moving party and represents the heirs.

4. SAME—*when equity will not enjoin extension of taxes for error in valuation of personal property.* Property owners who file notice of objections to a change in the assessment of personal property but fail to appear at the hearing before the board of review will not be entitled to relief in equity by a bill to enjoin the extension of taxes on the assessor's valuation although errors may have intervened in the assessment.

APPEAL from the Circuit Court of Pope county; the Hon. A. E. SOMERS, Judge, presiding.

WILLIAM B. MORRIS, for appellants.

CLARENCE O. CONLEY, State's Attorney, and H. A. EVANS, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellants, as heirs and representative of the estate of John L. Werner, sought to restrain the county clerk of Pope county from extending taxes on the personal property of said estate as the same was assessed by the assessor for the year 1925. The allegations of the bill for injunction are, that Werner in his lifetime made and verified a schedule of his personal property and delivered the same to the deputy assessor authorized to receive it, as provided by law; that the assessor set the sum of $3120 as the full value and $1560 as the assessed value of the property, and that said amounts were published by the assessor. It is further alleged that thereafter, without notice to appellants, the assessor of the county changed the assessment, fixing the full value at $13,120 and the assessed value at $6560. Appellee answered, setting forth that prior to the change of this valuation by him a deputy assessor called upon the administrator of the estate and told him there had to be an increase in the assessment because of knowledge he had obtained from the inventory filed in the estate that there was more personal property in the estate than the schedule of the original assessment showed; that the administrator agreed to make a new assessment but after taking counsel with his attorney refused to do so, whereupon the increased assessment was made by the assessor. Appellee's answer avers, also, that the administrator made complaint to the board of review for the purpose of having the assessment reduced; that a date was set for the hearing by the board on his application, but that on advice of counsel the administrator abandoned the hearing and did not appear before the board of review. It is also alleged in the answer

that the personal property of the estate subject to assessment was actually $17,000. Exceptions to the answer were filed by appellants, which were overruled. Appellants electing to abide their exceptions the bill was dismissed on motion of appellee, and appellants bring the cause here for review.

It is urged that the order in this case appealed from is void as shown by the following facts: That the court's docket shows that the exceptions to the answer were heard in vacation after the October term, 1925, by the Hon. A. L. Spiller, Judge, who entered an order in vacation as provided by statute. On the convening of the January, 1926, term of that court Hon. A. E. Somers was the presiding judge, and at the direction of Judge Spiller entered in open court the order of Judge Spiller overruling the exceptions to the answer; that on the next day appellants filed a motion to vacate the order overruling the exceptions to appellee's answer, which motion was overruled, the record showing that such order was entered by Judge Somers on the order and direction of Judge Spiller, who was not present. The motion to set aside the order entered on the convening of the January, 1926, term, raised the points, first, that the order overruling exceptions to the answer was contrary to the law; second, that the law and equity involved in the case were with the complainants; and third, reasons to be shown on the hearing of the motion.

Section 30 of the Circuit Court act provides as follows: "When a cause or matter is taken under advisement by a judge of a circuit court, or of the superior court of Cook county, and the cause or matter is decided in vacation, the judgment, decree or order therein may be entered of record in vacation, but such judgment, decree or order may, for good cause shown, be set aside, or modified, or excepted to, at the next term of the court, upon motion filed on or before the second day of the term, of which motion the opposite party or his attorney shall have reasonable notice.

If not so set aside or modified, it shall thereupon become final." (Smith's Stat. 1925, p. 810.)

While no objection is seen to the entry in open court by Judge Somers of the order previously entered by Judge Spiller in vacation, for the reason that such entry is more or less a formal matter, a different situation is presented by a motion to set the order aside, made before the judge presiding, in the matter heard by another judge. Here appellants had no opportunity to present to the judge who heard the exceptions their motion to vacate, for he was not on the bench. There was no opportunity given to furnish the record to the judge then presiding, nor does the record show whether Judge Spiller, who heard the exceptions, was advised of the contents of the motion to vacate the order. Certainly, when Judge Somers entered the order denying the motion to set aside the vacation order and showed by his docket that he did so on the order and direction of Judge Spiller, it precluded any possibility of his having given any consideration to the motion. The statute authorizing the filing of such motions is intended to provide a hearing, on the merits, of the contention of the party making such motion. The presiding judge, when the motion to vacate the order was presented, should have set it for hearing before Judge Spiller or have acquainted himself with the record and the issues involved. It was error to so enter the order, though the order is not for that reason void.

If it appears here, however, that notwithstanding this error the decree dismissing the bill is right, we would not be justified in reversing the decree and remanding the cause for a procedural error. The main question in the case is the sufficiency of the allegations of the answer to the bill. Appellants having chosen to abide their exceptions to the answer the answer is to be taken as true, and if sufficient in law the decree of the court must be sustained. (*Prettyman* v. *Barnard,* 37 Ill. 105.) The answer sets forth that the changes in the actual and assessed values of the personal

property of the Werner estate were made by the assessor while he had the books in his hands and before they were turned over to the board of review. It was alleged by the answer that the administrator of the estate was notified before the change was made. The rule is, that where a schedule and valuation are delivered by a property owner and are accepted by the assessor as correct they cannot be afterwards altered without first giving notice to the property owner. (*Tolman* v. *Salomon,* 191 Ill. 202; *Huling* v. *Ehrich,* 183 id. 315; *Ayers* v. *Widmayer,* 188 id. 121.) Actual notice must be given though written notice is not required. (*Carney* v. *People,* 210 Ill. 434.) Ordinarily the tax-payer is not heard before an assessment is made but afterwards, either before the assessor or some board or court, of which proceeding the tax-payer must be given notice. (Cooley on Taxation, p. 266.) The answer sets forth that the administrator objected to the assessment before the board of review. He had actual notice from the assessor that the assessment would be raised, and after filing notice of objection before the board of review the administrator failed to follow up the claim. Unless, therefore, the act of the assessor was so erroneous as to vitiate the levy of the tax appellants are not entitled to a reversal of the decree. No notice of the hearing before the board of review was necessary, as the administrator representing appellants was the moving party.

In *Camp* v. *Simpson,* 118 Ill. 224, the property owner had given in a schedule, and the assessor, before completion of the assessment, notified the tax-payer that he had not listed all of his property and that his assessment would have to be increased. The assessor accordingly increased it without assistance of or conference with the owner, and afterwards notified the latter that the assessed value had been raised, and informed him if he was not satisfied he could go before the board of review and have the assessment corrected. This the tax-payer did not do, and this

court held that the tax-payer had a remedy at law to correct an erroneous and unjust assessment, and if he failed to avail himself of that remedy he has no standing in a court of equity although errors may have intervened in the assessment. Appellants should have taken their objection to the board of review. Not having done so, equity will not interfere to grant them relief.

We are of the opinion that the court did not err in overruling the exceptions to the answer. The decree of the court is therefore affirmed.

*Decree affirmed.*