TRUMAN HULING

*v.*

F. C. EHRICH.

*Opinion filed December 18, 1899.*

1. TAXES—*township board of review cannot increase assessment without giving notice.* Under section 6 of the Revenue act (Rev. Stat. 1874, p. 871,) a township board of review has no power to increase an assessment of taxable property without notice in writing to the owner or his agent.

2. SAME—*equity will enjoin the collection of an illegal tax.* Equity will enjoin the collection of an illegal tax based upon the re-assessment of the tax-payer's property by the township board of review without notice to such tax-payer or his agent.

3. EVIDENCE—*tax-payer need not show that unauthorized increase of assessment is unfair.* A tax-payer seeking to enjoin the collection of a tax upon the ground of an unauthorized increase in the assessment by the township board of review need not show that the increased assessment is above fair valuation, it being sufficient if he tenders all the tax levied by authority of law.

4. SAME—*mere matters of computation need not be proved by a witness.* The question whether the tax tendered by a tax-payer to the collector was the proportionate share of the tax legally due need not be proved by a witness, where the amount of the original assessment, the amount of illegal increase and the amount of tax tendered are in evidence.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. JOHN SMALL, Judge, presiding.

STEPHEN R. MOORE, for plaintiff in error.

BERT L. COOPER, State's Attorney, for defendant in error.

. Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Truman Huling, plaintiff in error, is a resident and tax-payer of Kankakee township. In the year 1897 he made and delivered to the assessor a list of his personal property in compliance with the statute, which included $5000 in moneys and credits. This list was accepted by the assessor, and the total value as fixed by the assessor and placed in his books was $5595, including said amount of moneys and credits. The town board of review met June 30, 1897, and increased this assessment from $5595 to $10,595 without any notice to Huling and without his knowledge or consent, and made this record of their action: "The assessment of Truman Huling is raised to the amount of $10,000 on his moneys and credits, which the board deems to be about right." On the assessment so increased of $10,595 a tax of $1100.83 was levied. Huling first learned of the increase when the collector attempted to collect the tax, and he then tendered $581.33, the proportionate amount of the tax on the assessment as first made by the assessor, and filed his bill against F. C. Ehrich, the collector, defendant in error, to enjoin the collection of $519.50, the portion of the tax levied on the increase of $5000 made by the town board. The bill was answered, and the answer admitted that the tax was extended on the valuation as made by the board of review, and admitted the tender, but denied that the board of review acted without notice, and averred that the valuation was not inequitable. On a hearing the facts alleged in the bill were proved, but the court dismissed the bill at complainant's cost for want of equity.

The township board of review was only authorized to act and raise complainant's assessment after giving notice in writing to him or his agent. (Rev. Stat. chap. 120,

sec. 86.) He made out and delivered to the assessor a list of his taxable property, which was accepted by the assessor. If it was proposed to increase his assessment he was entitled to a hearing and an opportunity to show the facts, and the board had no power, without notice to him, to increase such assessment. He had no knowledge of the increase until the collector attempted to collect the tax. The board had no jurisdiction to re-assess his property, and in such case equity will restrain the collection of the illegal tax on the ground that the assessment is void as to the increase. *Cleghorn* v. *Postelwaite*, 43 Ill. 428; *Darling* v. *Gunn*, 50 id. 424; *McConkey* v. *Smith*, 73 id. 313; *First Nat. Bank of Shawneetown* v. *Cook*, 77 id. 622; *Camp* v. *Simpson*, 118 id. 224.

It is argued that since complainant asked the aid of a court of equity and was bound to do equity, he must fail unless he showed that the assessment was raised above the fair valuation of all his taxable property. He tendered all the tax that had been levied by authority of law, and that is all equity would require him to pay.

It is also urged that the court properly denied relief because no witness testified that the amount tendered was the proportionate share of the tax levied on the assessor's valuation. It is said that the court could not determine what proportion of the tax was illegal because no witness testified to the amount. It was not necessary that there should be any such proof. The question of the proportionate amount of the tax levied on a valuation of $10,595, arising from the original assessment of $5595 and the increase of $5000, was a mere matter of computation, and not a fact to be proved by witnesses.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded.*