MARSHALL P. AYERS *et al. v.* CHARLES H. WIDMAYER
and
EDWARD WEMPLE *et al. v.* CHARLES H. WIDMAYER.

*Opinion filed December 20, 1900.*

1. TAXES—*time when complaint was made is immaterial if board of review acts thereon.* If the board of review acts upon a tax-payer's complaint regarding his assessment, which complaint was made while the board was acting, the tax-payer cannot insist that the hearing was not a legal one because the complaint was not made within the time appointed by statute.

2. SAME—*when equity cannot entertain bill to enjoin tax.* In the absence of allegations of fraud, equity cannot entertain a bill to enjoin the collection of taxes upon the grounds that the valuation is too high and not made in accordance with the statute, or that the statute itself is unconstitutional, where the taxes are authorized by law, the property is not exempt from taxation and there are no consequences to complainants which may be classed as irreparable, since a court of law is competent to determine such questions.

APPEAL from the Circuit Court of Morgan county; the Hon. O. P. THOMPSON, Judge, presiding.

LYMAN LACEY, Sr. & SON, for appellants.

MORRISON, WORTHINGTON & REEVE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants constitute two firms doing banking business in Morgan county. Appellants Edward Wemple and Francis Wemple are partners in such business under the firm name of Wemple Bros. at Waverly, and the appellants Marshall P. Ayers, Augustus E. Ayers and John A. Ayers are partners under the firm name of M. P. Ayers & Co. in Jacksonville. They filed separate bills in chancery in the circuit court of said county against appellee, Charles H. Widmayer, sheriff and *ex officio* tax collector of said county, praying for injunctions against the collection of the taxes levied on the property of their respect-

ive firms for the year 1899, except certain sums conceded to be legally levied. The bills were demurred to, and the demurrer being sustained, the complainants elected to stand by their bills and decrees were entered dismissing the same at their cost. They appealed to this court, and the cases were consolidated.

The questions involved in the two cases forming the consolidated case are not exactly the same. The facts alleged in the bill of Wemple Bros. and admitted by the demurrer are as follows: They were furnished with two schedules for the purpose of making a return of the property of the firm liable to assessment, and they made return thereon to the deputy assessor, under oath, on June 5, 1899, which was accepted by him. In the schedule for private bankers the first item was money on hand or in transit, to which nothing was set down. The second item was funds in the hands of other banks, bankers, brokers and others, subject to draft; and the third was checks or other cash items not included in the preceding items. These second and third items were bracketed and set down at $3825.48. The fourth item was bills and accounts receivable and credits due or to become due, which was set down at $101,490. The fifth and ninth items consisted of bonds and stocks exempt from taxation, and balanced each other. The seventh item of deposits in the bank was returned as $130,059, and the eighth item, accounts payable, as $850. The seventh and eighth items aggregated $130,909. The deputy assessor made an analysis of the schedule by setting off the seventh and eighth items of indebtedness of the bank against the fourth item of bills and accounts receivable and credits, which showed that the bank owed $29,419 more than its bills and accounts receivable and credits. The deputy assessor then carried into the other schedule the said sum of $3825.48 set down opposite the second and third items and took one-fifth of that sum, $765.09, as the assessed value. After the assessment was returned to the

county treasurer and *ex officio* county assessor, he, without notice to the complainants, raised the amount of $3825.48 to $29,519, and the assessed value from $765.09 to $5904. It is alleged that the process adopted by the county assessor in reaching this result was to subtract the bills receivable and credits from the amount of deposits and accounts payable, and that he made a mistake of $100 in the subtraction. In September, 1899, complainants appeared before the Morgan county board of review and laid before the board their complaint of the illegal character of such an assessment. The board refused to grant relief, but on September 6, 1899, entered on its records the following order: "It was ordered by the board, upon motion of Mr. Reese, seconded by member Brockhouse, that the assessment of personal property owned and filed by the private bankers in the county, as fixed by the assessor, be approved. Each member voted for the motion." Complainants tendered to the tax collector the taxes that would have been levied upon $765.09.

In the case of M. P. Ayers & Co. the facts as alleged and admitted are as follows: They were furnished with schedules and made their sworn return to the deputy assessor on June 2, 1899. To the first item, money on hand or in transit, they set down $28,353.70. To the second item, funds in the hands of other banks, bankers, brokers and others, subject to draft, they returned $136,112.65. To the third item, checks or other cash items not included in the preceding, $1546.23. To the fourth item, bills and accounts receivable and credits, their return was $508,-496.57. The fifth and ninth items were bonds and stocks exempt from taxation, and balanced each other. The seventh item, of deposits with the bank, was set down at $544,665.75, and the eighth item, accounts payable, at $55,622.26, the seventh and eighth items aggregating $600,288.01. Said seventh and eighth items, of deposits with the bank and accounts payable, exceeded the amount of the bills and accounts receivable and credits by the

.sum of $91,791.44. The deputy assessor made his analysis by adding the seventh and eighth items together and setting them off against the fourth item, which they exceeded by the sum above stated: He then carried into the schedule for assessment the aggregate of the first, second and third items, amounting to $166,012.58, and took one-fifth of that as the assessed valuation. Complainants appeared before the Morgan county board of review and asked for an abatement of the assessment, but the board decided against them, and on September 6, 1899, entered the order above quoted.

In the case of Wemple Bros., according to their schedule they had no money on hand or in transit on the first day of April, 1899, and their indebtedness to their depositors exceeded the amount of their bills and accounts receivable and credits. Their complaint is, that the county assessor wrongfully raised their assessment by the alleged process of deducting their assets in the form of bills and accounts receivable and credits from their deposit account representing their indebtedness to their depositors, and assessing them with the balance of their indebtedness above their assets. They say that the assessor reversed the method pointed out by the statute, and instead of taking the aggregate amount of debts from the credits, the credits were taken from the debts and the balance of debts were assessed as property. The county assessor raised the assessment without notice, and his act was without authority of law. In such case, the re-assessment has been regarded as without jurisdiction, and it has been often held that equity would interfere where the tax-payer had no knowledge of the increase in time to have a hearing before the properly constituted authorities. (*Huling* v. *Ehrich*, 183 Ill. 315.) In this case, complainants knew of the increase in time to present their objection to the board of review, and they did so and had a hearing there. There is no fact alleged showing that the act of the county assessor or of the board

of review was fraudulent. There is nothing from which it could be inferred that they were actuated by any improper motive or had any intent to inflict any injury upon the complainants. All that is claimed is, that the method adopted by the county assessor was illegal, and that the board of review erred in not deciding it to be illegal. It is insisted that the complaint to the board of review was not within the time appointed by the statute, and therefore complainants are to be regarded as not having had a legal hearing before the board. The complaint was made while the board were acting, and it was entertained and acted upon, and the time when it was made was immaterial.

In the case of M. P. Ayers & Co., the analysis of the deputy assessor was made in accordance with the provisions of the statute, and the claim is, that the statute is unconstitutional in not allowing the deposit account to be set off against the funds of the banker deposited with other banks, bankers, brokers or other persons, subject to draft. It is alleged that such funds represent simply debts due from the other banks or persons which should be classed as debts due to the bank assessed, the same as bills receivable and credits, and that they cannot be assessed as money. It is contended that such debts due from other banks and persons should be set off against their deposit account with the bills and accounts receivable. ·In both cases, the taxes levied were authorized by the law, and the moneys and credits of the complainants as bankers were not exempt from taxation. They were within the jurisdiction of the State and had not been relieved from the burden of taxation, and there is no allegation of fraud in either case. The only complaint in one case is, that the valuation is too high and not on the basis fixed by the statute, and in the other, that the statute itself is unconstitutional. A court of law is just as competent to try questions of that kind as a court of equity, and there are no consequences to the complain-

ants in either case which can be classed as irreparable.
A court of equity can only assume jurisdiction where its
powers are invoked under some recognized head of such
jurisdiction, and there seems to be no ground for the equi-
table jurisdiction in these cases. Cooley on Taxation,
536; *Williams* v. *Dutton*, 184 Ill. 608; *New York Stock Ex-
change* v. *Gleason*, 121 id. 502.

The decrees are affirmed.          *Decrees affirmed.*