THOMAS K. CONDIT

v.

ERNST P. WIDMAYER.

*Opinion filed April 16, 1902—Rehearing denied June 10, 1902.*

TAXES—*when collection of tax may be enjoined.*  If a party appearing of record to be the owner of notes and mortgages on April 1 has in fact assigned the same, his refusal to disclose to the board of review the names of his assignees does not justify the board of review in assessing the assigned notes and mortgages to him, and the tax based upon such assessment may be enjoined.

MAGRUDER, C. J., and WILKIN, J., dissenting.

APPEAL from the Circuit Court of Cass county; the Hon. T. N. MEHAN, Judge, presiding.

MILLS & McCLURE, (EDWARD CLIFFORD, of counsel,) for appellant.

C. A. GRIDLEY, State's Attorney, (A. A. LEEPER, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This bill, as amended, was filed in the circuit court of Cass county by the appellant, against the appellee, as collector of said county, to enjoin the collection of a tax of $915 extended by the county clerk of said county upon an assessment by the board of review of said county for the year 1901 upon $84,400 in notes, secured by real estate mortgages, which appeared of record in the recorder's office of said county in the name of appellant on April 1, unreleased and not assigned, and which he failed to return for assessment for that year.

It is averred in the bill that the appellant, on July 22, 1901, was notified by the board of review of said county to appear before it on the 29th of that month and show cause why his assessment of personal property for the

year 1901 should not be increased; that in response to such notice he appeared before the board of review, whereupon the board exhibited to him a list of mortgages which appeared of record in his name in said county, aggregating in amount $84,400, and interrogated him as to the ownership thereof on April 1, 1901; that in response to such interrogatories he stated to said board that he was not the owner of the notes secured by said mortgages, or any of them, on April 1, 1901; that all the notes secured by said mortgages had prior to that date been sold and transferred by him for value; that all of said notes were on that date owned and held by parties residing outside of said county with the exception of two, which aggregated the sum of $3000, and that on April 1, 1901, he had no interest, directly or indirectly, in said notes and mortgages, or any of them, and that they were not in his possession or under his control; that he was then asked to whom he had sold and transferred the notes secured by said mortgages, and upon his declining to give the names of the persons to whom said notes and mortgages had been sold and transferred by him said board of review raised his assessment $84,400; that the county clerk has extended the tax for 1901 thereon and the appellee was then attempting to collect said tax, and unless enjoined from so doing would levy upon and sell the property of appellant to pay the same.

It clearly appeared upon the hearing that on April 1, 1901, the appellant had no interest in the said notes and mortgages, or any of them; that $81,400 thereof belonged to one C. M. Lane, a non-resident of Cass county; that $500 thereof belonged to one John T. Walton; that $2500 thereof belonged to one Milton McClure; that the two last named persons resided in Cass county, and that the notes and mortgages owned by them, respectively, had been assessed for taxation in Cass county for the year 1901, and that the board of review raised the assessment of appellant $84,400, not because it was of the opinion

said notes and mortgages belonged to appellant on April 1, 1901, but because he refused to disclose to said board the names of the persons to whom he had sold and transferred the same. The circuit court found the issues in favor of the appellee and entered a decree dismissing the bill.

The board of review had no right to punish the appellant by raising his assessment for his refusal to disclose to it the names of the persons to whom he had sold and transferred said notes and mortgages. Neither had it the right to assess to appellant, for 1901, property of which he was not the owner on April 1 of that year. There is no law authorizing a board of review to impose a penalty upon a mortgagee who declines to disclose to it the name of his assignee, where the mortgage has been sold and transferred in good faith before April 1, by raising his assessment to an amount equal to the amount of the said mortgage; neither has it the right to assess one man's property to another, and when such an assessment is made the same is made without authority of law, and a tax based upon such assessment will be enjoined. (*Irvin* v. *New Orleans, St. Louis and Chicago Railroad Co.* 94 Ill. 105; *Searing* v. *Heavysides,* 106 id. 85; *Allwood* v. *Cowen,* 111 id. 481.) In *Irvin* v. *New Orleans, St. Louis and Chicago Railroad Co. supra,* property belonging to the Illinois Central Railroad Company was assessed to the Mississippi Central Railroad Company. A bill was filed to enjoin the collection of the tax, and it was held the assessment was made without authority of law, and the court enjoined the collection of the tax. In *Searing* v. *Heavysides, supra,* certain grain was assessed as the property of complainant but in which he had no interest, and it was held the tax levied on such assessment was levied without warrant of law, and the court restrained the collection of the tax. In *Allwood* v. *Cowen, supra,* it is said (p. 486): "The court has had frequent occasion to declare that chancery

has jurisdiction to enjoin the collection of a tax when it is levied without authority of law."

The decree of the circuit court is reversed, and the cause is remanded to that court with directions to enter a decree enjoining the collection of said tax.

*Reversed and remanded, with directions.*

MAGRUDER, C. J., and WILKIN, J., dissenting.