THOMAS B. CORRELL

*v.*

JAMES SMITH *et al.*

*Opinion filed April 17, 1906.*

1. TAXES—*bill to enjoin collection of tax must show irreparable injury.* A bill to enjoin the collection of a tax cannot be maintained unless it clearly appears the complainant has been wrongfully assessed and will sustain irreparable injury unless the collection of the tax is enjoined.

2. SAME—*injunction will not lie on sole ground the statute is unconstitutional.* A bill to· enjoin the collection of a tax assessed upon omitted property cannot be maintained where the sole ground relied upon for relief is the alleged unconstitutionality of the statute under which the assessment was made, since a court of law may try the constitutional question.

3. APPEALS AND ERRORS—*Supreme Court will not decide constitutional question as an abstract proposition of law.* Unless the determination of a constitutional question is fairly involved in the decision of the case the Supreme Court will not decide the question as an abstract proposition of law.

APPEAL from the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding.

D. D. DONAHUE, for appellant.

W. R. BACH, and WELTY, STERLING & WHITMORE, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a bill filed in the circuit court of McLean county by the appellant against James Smith, a tax collector, and against the county of McLean, to enjoin the collection of certain taxes. A demurrer to the bill was sustained, and Correll appeals.

It appears from the bill that appellant resides in Bloomington township, in said county, and that in 1904 the town-

ship assessor assessed his personal property for that year; that thereafter, in the same year, the board of review of the county assessed against him a further sum as the assessment of a credit which had been omitted from his assessment in a preceding year. Taxes were extended against this assessment of omitted property, and appellant filed this bill to enjoin the collection thereof after paying the other taxes extended against him.

The sole ground upon which the intervention of equity is asked is that the act for the assessment of property, approved February 25, 1898, (Hurd's Stat. 1903, p. 1559,) under which the board of review of McLean county for the year 1904 was appointed and under which that board made the assessment of omitted propety, is unconstitutional. Counsel for appellant has filed an able brief and argument on this subject, which shows great research and ingenuity. He concedes that certain propositions which he presents have already been decided adversely to his contentions by this court and seeks to have these questions re-examined. We have not been able to see that the validity of this statute is properly before us. The bill does not aver that the property assessed by the board of review had not been omitted from assessment in the year for which the board assessed it, nor does it show that the property should not have been assessed as omitted property, nor that the tax extended against the assessment is not the precise sum that should be paid upon a valid assessment of this property as omitted property, nor that payment made to the tax collector who received the warrant would not be a good acquittance of appellant's liability to pay taxes on the omitted property for the year for which it was assessed by the board of review, nor that the tax itself is unjust or inequitable. The only complaint is that the assessment was made by a board of review which was appointed and acted under an invalid statute. So far as appears from the bill the same assessment which was made by the board of review would have been entirely un-

objectionable had it been made by the officer whom appellant deems the proper officer to assess omitted property.

In *Williams* v. *Dutton,* 184 Ill. 608, the following rule from *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, was quoted and approved: "In no event will an injunction lie unless it is clearly made to appear that the party has been wrongfully assessed and will sustain irreparable injury unless the collection of the tax is enjoined."

The bill does not aver, and no facts are therein set forth from which we can see, that complainant will suffer irreparable injury if an injunction be not awarded. If we determine the law to be invalid and the relief sought should be granted it would merely leave the omitted property to be assessed in a following year by the proper assessing officer, and the tax which we are now asked to enjoin could then be collected, with interest for the additional time.

In *Ayers* v. *Widmayer,* 188 Ill. 121, this court was asked to hold that the collection of a tax should be restrained on the ground that the statute by virtue of which the assessment had been made was unconstitutional, but refused to do so for the reason that a court of law was entirely competent to try the constitutional question, and no injurious consequences, irreparable in character, would result to the complainants if they failed to obtain in a court of equity the relief sought.

The question of the constitutionality of this statute, so far as this case is concerned, is one of academic interest only, and we will not consider a mere abstract proposition of law. *People* v. *Olsen,* 215 Ill. 620.

The decree of the circuit court will be affirmed.

*Decree affirmed.*