MARY H. SCHAEFFER, Guardian, Defendant in Error, *vs.* R. F. ARDERY, County Collector, Plaintiff in Error.

*Opinion filed June 16, 1909—Rehearing denied October 7, 1909.*

1. TAXES—*when equity has jurisdiction of bill to enjoin collection of taxes.* A court of equity has jurisdiction of a bill to enjoin the collection of taxes extended on an original assessment by the board of review and an assessment increased by such board, where the complainant has exhausted her remedy at law so far as the board of review is concerned, having appeared before it and been fully heard.

2. SAME—*equity has jurisdiction if tax was unauthorized by law.* The fact that the board of review may have final authority to value property does not preclude a court of equity from taking jurisdiction to grant relief to the party assessed by such board if the tax is unauthorized by the law.

3. SAME—*amount which minor must contribute towards debts of estate should not be assessed as his personal estate.* In determining the amount to be assessed against a minor as his personal property the amount which he is required to contribute toward the payment of the debts of his father's estate should be deducted, and the proportion which his interest should so contribute is properly measured by his interest in the property left to him.

4. SAME—*when judgment in favor of widow should not be assessed as an asset.* Where the widow uses funds in her hands as guardian to pay debts of the deceased which have not been allowed as claims against the estate, the fact that she improperly filed a claim for the amount and obtained a judgment therefor against the estate does not justify the board of review in assessing the amount of such judgment to her as a personal asset.

WRIT OF ERROR to the Circuit Court of Boone county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

P. H. O'DONNELL, State's Attorney, and WILLIAM BIESTER, for plaintiff in error.

JOHN FAISSLER, and JOHN R. COCHRAN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error, in her own right and as guardian of the minor, Willard Longcor, filed her bill at the April term of the Boone county circuit court to enjoin the plaintiff in error from collecting certain taxes extended by the county collector of that county upon an increased assessment made against her individually by the board of review of the said county and upon an original assessment made against her as guardian by said board. The amount of the original assessment against the defendant in error as guardian in excess of an assessed valuation of $2140, and the amount of the increased assessment against her personally, were held void by the decree of the lower court. From that decree this writ of error has been sued out.

Willard T. Longcor died testate August 14, 1905, leaving him surviving his widow, defendant in error, (who has since remarried, her present name being Mary H. Schaeffer,) and their son, Willard, a minor. He owned at the time of his death several hundred acres of farm land and some city real estate in Boone and DeKalb counties, in this State, and personal property worth approximately $5000. He also left life insurance of $30,000, payable to said son. Briefly, his will provided, substantially, that his debts should be first paid out of his personal property, and that his wife should have the use and income of all the rest and remainder of the personal property during her life, with remainder, after her death, to their son, Willard. By the third, fourth and fifth clauses of the will he devised certain of his real estate to defendant in error in trust, to take charge of and manage for the son, and provided that she should have one-third of the net income thereof and that the net income of the other two-thirds should be paid to said son; that when the son became thirty years of age the title to certain

of said real estate should vest in him absolutely, and that certain of the other real estate should vest in him when he became thirty-five years of age, and the rest of the real estate mentioned in said three clauses of said will should vest in him when he became forty years of age. The will, however, further provided, substantially, that during the life of defendant in error she should have what was equivalent to one-third of the net income of said real estate, even after the title had vested in the son. By the sixth clause of the will it was provided that one-half of all the rest and remainder of the real estate should go, in trust, to defendant in error, to take charge of and manage and pay over the net income to the son until he was twenty-five years of age, when the title to said one-half of said residue should be vested in the son absolutely. The other half of said residuary real estate he devised to defendant in error absolutely. The widow was nominated as executrix and trustee under the will and guardian of the minor, and qualified in all of those capacities. On September 30, 1905, she was paid, as guardian, the life insurance money of $30,000. At the time of his death Mr. Longcor was indebted in an amount exceeding $25,000. The decree finds that on and prior to January 9, 1906, defendant in error paid and discharged debts and liabilities of her husband's estate amounting to $25,615.93, none of these claims having been filed against said estate; that to make up this amount she used $23,-956.30 of the moneys in her hands as guardian and the balance she contributed from her own personal funds. On January 9, 1906, on the same day she paid the last of these bills, she filed in the county court of Boone county a claim against her husband's estate for reimbursement of the several amounts so paid by her, aggregating $25,615.93. On the same day the claim was allowed and a formal judgment entered against the estate for that amount.

Defendant in error returned to the local assessor at Belvidere, in said Boone county, a schedule of personal prop-

erty subject to taxation for 1907, at the full valuation of $2732. This amount she claims was all she was required to list. She made no return of any schedule of personal property as guardian of said minor. The board of review of Boone county increased her personal assessment for 1907 by the amount of said judgment or claim, namely, $25,-615.93, and made an original assessment on the personal property against her, as guardian of said minor, of $28,790.

The circuit court by its decree found that the personal property of defendant in error's husband's estate should first have been applied to the debts and liabilities, and that the said minor and the defendant in error herein should thereafter have contributed, share and share alike, the sum of $13,600 to meet said liabilities, which said last mentioned sum was equivalent to the residuary estate at the time of the death of the testator, and that the amount of the debts and liabilities thereafter remaining should have been paid by defendant in error contributing thereto .1872-⅔ part thereof and said minor contributing thereto .8127-⅓ part thereof; that of the debts and liabilities of said estate paid and discharged by defendant in error on and before January 9, 1906, amounting to $25,615.93, said minor should have contributed the sum of $15,903.49 and the defendant in error $8896.57; that defendant in error had received as guardian, prior to said April 1, 1907, $30,085.57, and that she had paid out from said funds prior to said date $26,083.01, which last amount had been approved by the county court of Boone county; that said purported claim of $25,615.93 was not on January 9, 1906, nor has it at any time since been, an asset or credit of defendant in error, nor has it been a liability of any kind or nature against the estate of said William T. Longcor, deceased. Other details as to the amounts received and paid out by defendant in error as guardian, or as trustee and executor of the estate, are found in the record, but it is unnecessary to set them out in this opinion.

Counsel for plaintiff in error contend that a court of chancery is without jurisdiction to render the decree here in question, because the defendant in error did not attempt to obtain the relief as the law required. The pleadings and evidence before us show that on August 5, and again either on August 21 or August 28, defendant in error, through her attorney, appeared before the board of review, and the question was discussed at one or both of these meetings by the board of review and her attorney as to what property she had personally and as guardian of the said minor. There was no dispute as to the form of the schedule, or that she had to make out one schedule as guardian and a different schedule as to her personal property. The only difference of opinion appears to have been as to whether the judgment entered in the county court against said estate of her husband and in her favor for $25,615.93 should be assessed as an asset against her individually and as to the amount that should be assessed against her as guardian. We cannot agree with counsel for plaintiff in error that *mandamus,* on this state of facts, was the proper remedy. This case, on the facts set out, is plainly within the rules laid down by this court in *Condit* v. *Widmayer,* 196 Ill. 623, *Weber* v. *Baird,* 208 id. 209, and *Carney* v. *People,* 210 id. 434. The tax-payer here, as in the first of those cases, had exhausted her remedy, so far as the board of review was concerned. She had appeared before it and been fully heard.

It is next urged that a court of chancery is without jurisdiction because the board of review has the final authority to value property, and that chancery will not interfere in fixing values. While this may be true in certain cases, still, if the tax is unauthorized by law, as the decree found it was in this case, the person assessed can obtain relief in a court of equity. This is, in effect, held by the decisions last cited and has been decided many times by this court. The principles governing courts of equity on such matters are

discussed in *Drainage Comrs.* v. *Kinney,* 233 Ill. 67, and many authorities are there cited.

We think the chancellor in his decree found correctly as to the proportionate part of the debts and liabilities of the estate that should have been paid by defendant in error personally and as guardian of said minor. The proportion in which the interests of the parties should contribute towards the debts of said estate, under the facts of the case, was properly measured by their respective interests in the property left to them by decedent. There was only about $5000 worth of personal property belonging to the estate, and had not the insurance money been used to pay the debts and liabilities of the estate it is obvious that some of the real estate would have had to be sold for that purpose. In order to find the proper amount that should be assessed as personal property of the minor's estate held by defendant in error as guardian, it was necessary to find the amount that should be contributed by said minor's estate towards paying the debts of the father's estate. This proportionate amount was properly deducted by the chancellor from the amount that should be assessed as the personal estate of said minor. It is not seriously contended by counsel for plaintiff in error that the court did not follow correct rules of law in reckoning the interest of said minor and the proportion that he should pay towards said debts. The argument on this branch of the case (except the one already discussed, that a court of equity was without authority to change the finding of the board of review,) was, that the record does not show sufficient facts to justify the finding of the court as to the propositions in question. We deem it sufficient to say, without going into details, that the facts found in the record fully support the findings of the decree on this point.

Counsel for plaintiff in error strenuously insist that the holding of the chancellor that said claim for $25,615.93 was not a credit or an asset of said defendant in error on

April 1, 1907, was wrong, counsel's argument being that
defendant in error, by borrowing this money of her ward
and then obtaining a judgment against her husband's estate
for the amount, created a new property for herself equal to
the amount of said judgment.    Counsel, in effect, admit in
their argument that if defendant in error had not filed this
claim against the estate and thereafter had judgment en-
tered in her favor it could not have been an asset and a
part of her personal estate.    Assets cannot be created by
mere book-keeping.    Defendant in error should not have
made this claim against her husband's estate nor had a
judgment entered in her favor, personally, for the amount
of $25,615.93.    Some $23,956.30 of that amount was paid
from the funds of the minor's estate in defendant in error's
hands as guardian, and could not have been an asset of
defendant in error.    Manifestly, on the facts heretofore set
out, the claim in the form filed and the judgment entered
thereon were both incorrect and misleading, but this did
not justify the board of review in assessing the amount of
that judgment as an asset of defendant in error.    The argu-
ment of counsel on this branch of the case, based on the
method of taxing not only the entire value of the mort-
gaged land to the owner of the land but the value of the
mortgage to the owner of the mortgage, and the arguments
as to double taxation and the taxation of credits, have no
bearing on the question here under discussion.    No other
question than the assessing of this judgment as a personal
asset of defendant in error is raised as to her personal
property schedule.

The decree restraining the collection of the taxes in
question, as set forth above, was therefore properly en-
tered.    Our holding on this question renders it unnecessary
for us to consider or decide the cross-errors urged by de-
fendant in error.

The decree of the circuit court will be affirmed.

*Decree affirmed.*