(No. 27024.—Reversed and remanded.)
ALLIS-CHALMERS MANUFACTURING COMPANY, Appellant, *vs.* WARREN WRIGHT, State Treasurer, *et al.*, Appellees.

*Opinion filed May 20, 1943—Rehearing denied Sept. 15, 1943.*

WILLIAM E. BROWN, and BROWN, HAY & STEPHENS, (ROBERT A. STEPHENS, JR., of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, (HARRY L. ARNOLD, of counsel,) for appellees.

Per CURIAM: This is an appeal from a decree of the circuit court of Sangamon county which dismissed plaintiff's amended complaint for failure to state a cause of action. The suit was instituted against the Director of Finance and the State Treasurer and was brought to test plaintiff's tax liability under the Retailers' Occupation Tax Act as to certain parts of its business, and to protect its interests in money paid as taxes on such business. It is a companion case to *Ex-Cell-O Corporation* v. *McKibbin, ante,* p. 316, and *Ayrshire Patoka Collieries Corp.* v. *Nudelman, ante,* p. 345. It involves a question of tax liability in a field some phases of which were considered in *Standard Oil Company* v. *Department of Finance,* 383 Ill. 136.

The plaintiff is a Delaware corporation and is engaged in the manufacture and sale of electric, hydraulic, mining, milling and other power machinery which is referred to in the record as "heavy-line products." In addition, it manufactures and sells tractors, farm and road machinery, referred to as "tractor-line products." Some of its tractor-line products were sold in this State under conditions which plaintiff admitted created a tax liability and has paid the tax on such business. Other parts of its tractor-line products were disposed of in this State in a manner which the Department concedes does not create a taxable liability. The tax involved in this case pertains to the heavy-line products which for the major part consist of heavy machinery specially designed to meet the demands and purposes for which the purchaser is to use it. The heavy-line products are manufactured at West Allis, Wisconsin, or at some other of plaintiff's plants located outside of Illinois. Plaintiff maintains two offices in this State, one at Chicago, the other at Rockford, where it employs persons to solicit orders from persons in this State for heavy-line products. Solicitation of such orders is often made by plaintiff's representatives sent from the home office or

a branch office located in another State. It is alleged that plaintiff does not employ any engineers, draftsmen or executive officials in Illinois in connection with the manufacturing and sale of any of the heavy-line products and that all questions pertaining to the designing of the products as well as matters of acceptance and rejection of orders, price, credit, and the terms of payment are submitted to the home office for action.

The parties have each summarized the methods by which plaintiff sells its heavy-line products to customers in this State by classifying the various transactions under one of three heads as follows: (1) Solicitors from one of the Illinois offices obtain an order from an Illinois purchaser, which order is sent by the solicitor or the office to which he is attached to the home office at West Allis. The home office fixes the price and other terms and accepts or rejects the order. If the order is accepted, the article sold is delivered to the purchaser f.o.b. West Allis, Wisconsin. (2) The orders of the second class are handled the same as the first except that in this class the purchaser in Illinois mails the order to the home office in Wisconsin, where it is either accepted or rejected. The orders in this class are the result of the solicitation of the employees working from one of the Illinois offices. (3) The third is the same as the first except that the Illinois purchaser is solicited in Illinois by a salesman from the home office or one of the plaintiff's offices located without this State.

Plaintiff's summation of the question is as follows: Is plaintiff liable for a tax under the Retailers' Occupation Tax Act on its gross receipts from sales of goods to Illinois customers merely because those sales arose as a result of solicitation in Illinois, the sales being consummated at the home office in Wisconsin where title, ownership and possession of the goods passes to the buyer. Defendant's contention is that plaintiff's solicitation of orders in the manner stated is engaging in this State in the business of selling

tangible personal property at retail and is taxable under the act.

Plaintiff's method of obtaining orders from prospective purchasers in Illinois was different from the method pursued by the plaintiff in the *Ex-Cello-O Corporation case, ante,* p. 316, but as to all other matters which lead to the acceptance of an order and consummation of the sale, the two courses were the same. The difference in the method of soliciting does not furnish a basis upon which this case can be distinguished from the *Ex-Cell-O case.* The only business plaintiff carried on in this State through its agents was the solicitation of orders and its relationship to the business conducted in this State, was no different from the business conducted by the plaintiff in the *Ex-Cell-O case.* The statute does not authorize the imposition of a tax upon the occupation of soliciting orders and that was the only business plaintiff was engaged in within the State. This case is controlled by the conclusions reached in the *Ex-Cell-O case, ante,* p. 316, opinion in which was filed during the present term. The decree of the circuit court is reversed and cause remanded with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*