(Nos. 27061, 27062.—Reversed and remanded.)

AYRSHIRE PATOKA COLLIERIES CORPORATION *et al.*, Appellants, *vs.* S. L. NUDELMAN, Director of Finance, *et al.*, Appellees.—KNOX CONSOLIDATED COAL CORPORATION *et al.*, Appellants, *vs.* S. L. NUDELMAN, Director of Finance, *et al.*, Appellees.

*Opinion filed May 20, 1943—Rehearing denied Sept. 15, 1943.*

GALLAGHER, RINAKER, WILKINSON & HALL, and PROVINE, WILLIAMS & PINKERTON, for appellants.

GEORGE F. BARRETT, Attorney General, (HARRY L. ARNOLD, of counsel,) for appellees.

Per CURIAM: On this appeal two cases have been consolidated. Cause No. 27061 was started in the circuit court of Sangamon county by the Ayrshire Patoka Collieries Company against the Director of Finance, to enjoin him from enforcing the Retailers' Occupation Tax Act against it as to the retail sales of coal sold according to the plan described in the complaint. Before the case was at issue, eight other companies engaged in the production of coal and selling it by the same or similar method as pursued by the Ayrshire Patoka company, were granted leave to intervene. Cause No. 27062 was started in the same court by Knox Consolidated Coal Corporation against the Director of Finance to enjoin him from enforcing the Retailers' Occupation Tax Act against it as to the business described in its complaint. Leave of court was granted to three companies to intervene in this

case. The facts were stipulated. The rules of the Department under which the tax was exacted were revised to become effective April 1, 1940. The rules were amended soon after decisions were rendered in *McGoldrick* v. *Berwind-White Coal Mining Co.* 309 U. S. 33, and *Graybar Electric Co.* v. *Curry,* 308 U. S. 513, both cited in the rule in support of the tax in the field intended to be included. On November 6, 1942, the trial court dismissed each complaint and each intervening petition for want of equity. The two original plaintiffs and all intervenors have appealed from that decree to this court.

The principal question in each case is as to whether the plaintiffs and intervenors are subject to the provisions of the Retailers' Occupation Tax Act as to the business described in the complaints and intervening petitions. All were engaged in the mining and selling of coal, some of which was sold for consumption and not for resale. All of them were incorporated under the laws of other States. Their main offices and places of mining were all located without this State. The sales that are involved are those that were made to purchasers in Illinois.

There were two general methods by which plaintiffs and intervenors marketed their coal to their Illinois customers. The plaintiffs and intervenors in No. 27061 obtained their orders through solicitation carried on by employees of corporate sales agents which corporate agents had contracts with some one or more of plaintiffs or intervenors. The sales made by plaintiffs and intervenors in the case No. 27062 were obtained through solicitation carried on by the company's own employees. The difference in the method of solicitation of orders between the plaintiffs and intervenors in the two suits is of no consequence in determining tax liability, for the authority of the solicitors in either case was limited to solicitation of orders and neither had authority from the principal to accept or reject orders or make contracts of sale that were

binding on the principal. Under either method the order taken by the solicitor was forwarded to the home office of the principal where it was accepted or rejected. The price, terms of delivery, credits and terms of payment were fixed at the home office. The coal was delivered by the producer to a common carrier in that State, who then became the agent of the vendee to carry it to its destination in this State. The entire transaction, except the solicitation of the order, was carried on without the State. The business methods by which sales were made to Illinois customers in No. 27061 were in all material parts the same as those considered in *Ex-Cell-O Corporation* v. *McKibbin, ante,* p. 316. The method of business followed in No. 27062 was in most parts the same as that considered in *Allis-Chalmers Mfg. Co.* v. *Wright, post,* p. 363. Opinions have been filed in both of those cases at the present term and it was held that the business there described was not subject to the tax. The conclusions reached in those cases are controlling in the instant cases.

Plaintiffs and intervenors have preserved and argued the question as to whether the State could impose a tax on an occupation where the negotiations of the sale leading to a transfer of title enter into and become a part of interstate commerce, but since the conclusion reached is that the Retailers' Occupation Tax Act does not extend to the business described in the complaints, it is not necessary to consider the Federal question.

For the reasons stated, the decrees of the circuit court are reversed and the causes remanded with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*