(No. 27159.—

Owens-Illinois Glass Company, Appellee, *vs.* George B. McKibbin, Director of Finance, Appellant.

*Opinion filed November 16, 1943—Petition for rehearing stricken January 12, 1944.*

GEORGE F. BARRETT, Attorney General, (HARRY L. ARNOLD, of counsel,) for appellant.

ASHCRAFT & ASHCRAFT, (CARROLL J. LORD, RUFUS D. BEACH, and ALAN E. ASHCRAFT, JR., of counsel,) all of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellee, Owens-Illinois Glass Company, a corporation, filed its complaint for injunction in the circuit court of LaSalle county against George B. McKibbin, as Director of Finance, and the Department of Finance of the State of Illinois, to enjoin him from levying or imposing, collecting, or attempting to collect the retailers' occupation tax from plaintiff for sales of beer bottles, and also to enjoin the levying, imposing, collecting, or attempting to collect such tax from plaintiff upon sales of glass beer bottles to breweries in Illinois, when the latter, upon the

sale to customers of beer in such bottles, charge a deposit upon the bottles separate from the contents. A temporary injunction was granted by the court. A motion was made to vacate the temporary injunction and to dismiss the complaint. The motion was denied and appellant elected to abide by his motion to dissolve the injunction and dismiss the complaint, whereupon a decree *pro confesso* was entered and a permanent injunction decreed by the court. The revenue is involved, and therefore the appeal comes directly to this court.

The complaint alleges plaintiff is an Ohio corporation licensed to do business in this State and engaged in the manufacture of glass bottles for sale to businesses and corporations operating breweries in Illinois; that a large portion of such bottles is purchased through contracts made in the State of Ohio, and others are manufactured by plaintiff in Illinois, and sold for resale to breweries located within the State of Illinois. The complaint then recites the several provisions of the Retailers' Occupation Tax Act, including the power of the Director of Finance to make and promulgate rules and regulations, and sets forth at length paragraph 2 of rule 51, as follows:

"Sellers of containers to purchasers who are engaged in the business of selling tangible personal property contained in such containers to other persons are deemed to make sales of such containers for resale if the purchasers of such containers are engaged in the business of selling tangible personal property contained in such containers and transfer the ownership of the containers to their customers together with the ownership of the tangible personal property contained therein."

The complaint further alleges that June 1, 1942, the Director issued a ruling by letter directed to the plaintiff, advising that: "Where deposits are charged for beer bottles transferred to customers, title to such bottles is retained by the person first making such charge, and the

Owens-Illinois Glass Company, when it sells beer bottles to breweries which transfer such bottles to customers taking deposits therefor, is engaged in making retail sales of such bottles and incurs Retailers' Occupation Tax liability with respect to its gross receipts from such sales;" that the Director has demanded the plaintiff produce its books for examination, so the Department may assess a tax against the plaintiff on account of sales of bottles to breweries in Illinois, which charge deposits on bottles transferred to customers, and that if plaintiff fails to make such returns and pay such tax the defendant will impose the penalties provided by the statute; and that such ruling of the Department is void both under the provisions of the Retailers' Occupation Tax Act and the rules and regulations now in force.

The complaint then sets forth in detail the means of doing business, and shows in substance that all beer bottles are sold to breweries to be filled with beer and resold; that used beer bottles are a general object of commerce; that certain breweries differentiate between the price of the beer sold and the price of the bottles containing it, and take deposits for bottles, agreeing to refund same when the bottles are returned empty to the brewery; that when customers purchase beer at retail, leaving a deposit for bottles, no record is kept of the bottles sold, or the name of the customer, and that the latter may dispose of them in any way, or he may return them to the seller or any other seller, and receive a sum equal to the required deposit, and that when a brewery purchases new beer bottles from the plaintiff and fills and delivers them to the trade, it parts with possession and control over such bottles, and they become objects of commerce to be freely bartered and sold on the market; that the sale of bottles by the plaintiff to such breweries and disposal of them filled with beer is not a sale for use and consumption, but falls directly within the provisions of Rule 51, and

imposes no liability upon the plaintiff to pay the retailers' occupation tax.

A supplement to the complaint was filed in which it was alleged that the defendant threatened to immediately instruct his agents to notify plaintiff of its failure to pay the tax required by the statute, and be subject to the penalties provided therein. The complaint and supplemental complaint show that complainant has over four hundred customers in Illinois, and that all of its books and accounts are kept in Toledo, Ohio; and recites in detail the inconveniences and hardships attendant upon compliance with the statute, when it is not liable for the payment of the tax.

The motion of appellant to the complaint and supplemental complaint sets out three grounds: (1) that the plaintiff has a full and adequate remedy at law for the determination of its tax liability under the provisions of the Retailers' Occupation Tax Act, and that such remedy should be pursued by the plaintiff; (2) that the plaintiff has a full and complete statutory remedy under the provisions of the statute relating to the payment of money to public officers under protest, (Ill. Rev. Stat. 1941, chap. 127, par. 172;) and (3) that the complaint and supplemental complaint are substantially insufficient in that they fail to allege facts sufficient to warrant a court of equity to take jurisdiction.

It is stated in the briefs, and was urged upon oral argument, that the sole point raised in this appeal is the jurisdiction of a' court of equity to enjoin the collection of the retailers' occupation tax. Before discussing the points raised by appellant going to the jurisdiction of the court to issue an injunction we will first give attention to the proposition urged in appellant's brief that the complaint and supplemental complaint fail to allege facts showing the plaintiff will suffer irreparable injury, and therefore fails to state a cause of action in equity. Appellant

relies upon the well-settled rule that if there is a total failure to state a cause of action in a complaint its insufficiency can be raised at any time; and then contends the allegations contained in the present complaint and supplemental complaint bring the case within that rule.

There is a substantial and material difference between alleging a good cause of action in a defective manner and in stating no cause of action. (*Sargent Co. v. Baublis*, 215 Ill. 428; *Connett v. Winget*, 374 Ill. 531.) The first is good after judgment, and the second may be questioned at any time. In the present case the facts alleged and admitted by appellant's motion to be true show that the plaintiff is engaged in an occupation which, under rule 51, does not require it to pay the retailers' occupation tax under the statute; that the Director of Finance has made a ruling that it is a taxable occupation; that unless enjoined appellant will proceed to assess not only the tax, but the penalties provided by the statute.

The facts set forth in the complaint and supplemental complaint, considered in the light of the admissions made by the motion to dismiss, constitute the substance of a good cause of action, provided, of course, equity may enjoin an unauthorized tax. The objections under this point go to the particularity with which the facts in the complaint are alleged, especially the claim that the allegations constitute conclusions of law. We think there can be no question but what the complaint adequately shows facts which, if true, would exempt plaintiff from complying with the Retailers' Occupation Tax Act, since the allegations respecting the location of its office, the manner in which it does business, the practice with respect to the collection of deposits on bottles, and all similar statements are all allegations of fact. The mere circumstance the plaintiff charges that by reason thereof, as a legal conclusion it is not liable to pay the tax, does not invalidate the matters well pleaded.

We are of the view that if appellant was of the opinion the cause of action was defectively stated the point should have been raised in the trial court. The Civil Practice Act provides all defects in pleading, either in form or substance, not objected to in the trial court, shall be deemed waived. (Ill. Rev. Stat. 1941, chap. 110, par. 166, sec. 42, subsec. 3.) It also provides that all objections to pleadings heretofore raised by demurrer shall be raised by motion, which shall point out specifically the defects complained of. (Sec. 45, subsec. 1.) And it likewise provides that where a pleading is objected to by motion to dismiss because it is substantially insufficient in law the motion must specify wherein such pleading is insufficient. (Sec. 45, sub-sec. 2.) The Civil Practice Act applies to proceedings both at law and in equity, and is a remedial statute to be liberally construed.

While we do not go to the extent of holding that a pleading which wholly fails to state any cause of action may not be taken advantage of for the first time on appeal, we do think in this case that if the complaint was insufficient it was not in the substance of the matters charged, but only with respect to the particularity with which the facts are set out, and therefore clearly comes within the provisions of the Civil Practice Act, which to this extent modified what may have been a rule previous to its adoption. We think the complaint and supplemental complaint are sufficient as against this objection.

The contentions of appellant made in its motion to dismiss are: (a) equity will never exercise its powers in aid of one who has a full, complete and sufficient remedy at law, and that plaintiff has three separate and distinct statutory remedies, any one of which would be full and adequate; (b) that equity will not enjoin the collection or assessment of a tax on the sole ground that the taxing statute is unconstitutional, or that the particular imposition is not authorized by statute. And as a complement to

these grounds defendant urges that since the power to tax is an attribute of sovereignty its exercise should be unhampered, and that equity is reluctant to interfere where the legislature has provided the taxpayers with methods of determination of tax liability.

In answer to these propositions appellee contends: (1) that equity does have jurisdiction to enjoin the assessment or collection of a tax imposed without authority of law, notwithstanding the taxpayer might also possess legal remedies whereby the collection of such tax could be defeated; and (2) that the remedies provided by the Retailers' Occupation Tax Act, and the provisions of the act authorizing the recovery of taxes paid under protest, do not afford an adequate relief against an illegal tax sought to be imposed. The legal issue thus presented is reduced to a narrow compass, and the position of both parties is supported by exhaustive briefs ably presenting their respective contentions.

It cannot be denied that as a general rule courts of equity will not take jurisdiction to grant relief if redress for a wrong may be obtained in a proceeding at law. This is the general rule to which, under the Illinois decisions, relief from the collection of unauthorized taxes is claimed to be an exception. The rule as to enjoining the collection of unauthorized taxes is not uniform among the several States, and possibly a majority of jurisdictions hold contrary to Illinois. However, it is clear that from an early date the courts of this State have regarded the enjoining of the collection of an illegal tax, or the assessment of an authorized tax upon property which is not subject to taxation, as exceptions to the rule that equity will not take jurisdiction of a cause where there is an adequate remedy at law.

Probably the earliest clear exposition of the principle is to be found in *Chicago, Burlington and Quincy Railroad*

*Co.* v. *Frary,* 22 Ill. 34, where, although an irregularity in the imposition of a tax was sought to be enjoined, it was held that the power of a court of equity to enjoin an illegal tax was an exception to the general rule. Following this decision, in *Vieley* v. *Thompson,* 44 Ill. 9, where an injunction was sought against the collection of an unlawful and unauthorized tax, the question of the jurisdiction of chancery to restrain its collection was directly questioned, but specifically upheld.

What perhaps may be regarded as the leading case in Illinois upon the subject is *Searing* v. *Heavysides,* 106 Ill. 85. In that case the tax had been assessed upon property which did not belong to the plaintiffs. The court found there was no authority at law for assessing a tax against the plaintiff upon the property. The collector, however, took the position that equity had no jurisdiction to restrain the collection of the tax, asserting there was an adequate remedy at law, and pointed out of what those remedies consisted. In deciding the point thus directly raised we said: "But although the tax be illegally assessed, it is insisted by appellees that there is no ground of equitable jurisdiction for enjoining the collection of the tax; that the remedy at law is adequate; that if payment should be made of the tax the amount might be recovered back; that if proceedings should be taken to enforce collection of the tax by distress and sale, it would be but the case of an ordinary trespass, to prevent the commission of which a court of equity will not interfere, and for which, if committed, there would be full redress at law. The general rule upon the subject is as insisted by appellees; but under the decisions of this court there are certain well-recognized exceptions to that rule where a court of equity will take jurisdiction to afford relief against the collection of taxes, one of which is, when a tax has been imposed where the law has not authorized it to be levied.

[Citations] The tax in quesion is one levied against the complainants without warrant of law, and so comes within that class of cases in which we have admitted the juris-diction of a court of equity to restrain the collection of a tax."

In the case of *Moline Water Power Co. v. Cox,* 252 Ill. 348, where an injunction was issued against the collection of a tax assessed upon property not belonging to the taxpayer, we followed the case of *Searing v. Heavysides,* and, in answer to the contention that the taxpayer should have gone before the board of review to have the error rectified, said: "It [the plaintiff] was not bound to anticipate that the assessor would assess to it property owned by another person. Such assessment made without the appellant's knowledge was void, and it was not limited to a remedy before the board of review." As late as the case of *Pekin Loan Co. v. Soltermann,* 365 Ill. 460, the principle has been followed and applied by this court.

Without attempting to analyze all of our decisions adhering to this principle it is sufficient to say that it has been applied in one form or another in the following cases: *Drake v. Phillips,* 40 Ill. 388; *Kimball v. Merchants' Savings, Loan and Trust Co.* 89 Ill. 611; *Lemont v. Singer and Talcott Stone Co.* 98 Ill. 94; *Allwood v. Cowen,* 111 Ill. 481; *Illinois Central Railroad Co. v. Hodges,* 113 Ill. 323; *School Directors v. School Directors,* 135 Ill. 464; *Huling v. Ehrich,* 183 Ill. 315; *Condit v. Widmayer,* 196 Ill. 623; *Schaeffer v. Ardery,* 241 Ill. 27; *Moline Water Power Co. v. Cox,* 252 Ill. 348; *St. Louis Merchants' Bridge Co. v. Eisele,* 263 Ill. 50; *People's Gas Light and Coke Co. v. Stuckart,* 286 Ill. 164; *Kelly v. Jones,* 290 Ill. 375.

Appellant, however, points out that the Retailers' Occupation Tax Act makes provision for a hearing in case the tax is improperly applied, and has provisions for ap-

peal to the court, and that the taxpayer may obtain a refund in case of payment, where it is determined the occupation was not subject to tax. He also calls attention to the provisions of the act permitting taxes to be paid under protest, with the right to return in case it is held it is not properly collected. The presence of such provisions in the law does not prevent enjoining an illegal or unauthorized tax.

In *Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323, it was urged an injunction would not lie because the revenue statute provided means by which the decision of the taxing body could be reviewed. The court held that the remedy afforded by the statute was merely cumulative, and explained a former decision which had apparently held the legal remedy sufficient to bar equitable relief. We there said: "If the party elect the remedy provided by this section, he will not be allowed to abandon it and then go into equity, but he may go into equity in the first instance, and have relief. The concluding sentence in the opinion in *Preston et al.* v. *Johnson,* [104 Ill. 625,] which reads, 'The remedy through the county board of review and by appeal we regard as adequate and exclusive,' although true in that case, is not universally true, and is therefore calculated to mislead. The remedy is adequate, and when that forum is selected and its decision invoked, it becomes exclusive. In cases like the present, before a tribunal has been selected, it must be regarded as only affording a cumulative remedy." This decision was followed in *Moline Water Power Co.* v. *Cox,* 252 Ill. 348; *St. Louis Merchants' Bridge Co.* v. *Eisele,* 263 Ill. 50, and *Sanitary District* v. *Young,* 285 Ill. 351.

The principles announced in the foregoing cases must not be confused with cases in which an injunction has been refused because of irregularities in the imposition of the tax, where the authority for such tax existed.

*Vieley* v. *Thompson,* 44 Ill. 9; *Bistor* v. *McDonough,* 348 Ill. 624.

From the foregoing resumé the enjoining of the collection of illegal taxes constitutes an exception to the general rule that equity will not take jurisdiction of a cause when there is an adequate remedy at law. It is established that where a tax is unauthorized by law, or where it is levied upon property exempt from taxation, equity will take jurisdiction and enjoin the collection of the tax. This constitutes an independent ground of equitable relief, and in such cases it is not necessary that special circumstances exist to authorize issuing an injunction. It is also the rule in such cases that where remedies are provided by statute they are cumulative, and are exclusive only where they have been first invoked by the taxpayer. And it is to be noted this exception to the general rule applies only to the illegal and unauthorized imposition of a tax, and not to irregularities in levying a lawful tax.

There is no doubt expressions in conflict with this general rule are to be found in some cases, but as we said in *Chicago, Burlington and Quincy Railroad Co.* v. *Frary,* 22 Ill. 34, "it is possible, that cases may sometimes be found, where this distinction has been disregarded from inadvertence, or from the peculiar circumstances connected with them." Examination of such cases will disclose that for the most part the language relied upon as supporting a contrary rule was inadvertently used, or the cases were those involving irregularities rather than illegalities. Thus, in *County of Cook* v. *Chicago, Burlington and Quincy Railroad Co.* 35 Ill. 460, the statement is made that a suit in equity will not lie to restrain the collection of a tax illegally assessed without setting forth special circumstances showing such collection would be likely to produce irreparable injury or cause a multiplicity of suits. The in-

junction granted in that case restraining the collection of an illegal tax was, however, sustained, so the expression used must be regarded as inadvertently employed.

In *Porter v. Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, the statement is made that an injunction will not lie unless it has been made to appear the party has been wrongfully assessed and will sustain irreparable injury unless the tax is enjoined. The case, however, held that since the bill had alleged, and the demurrer admitted, that taxes had been illegally assessed, their collection must be enjoined, although no special circumstances were alleged with respect to such tax.

*Ayers* v. *Widmayer,* 188 Ill. 121, *Correll* v. *Smith,* 221 Ill. 149, and *Peirce* v. *Carlock,* 224 Ill. 608, are all cases in which an injunction was sought to enjoin a tax because of irregularities, and it was said in connection with such facts that special circumstances must be set out to justify the interposition of equity. The rule that an injunction will not be issued to enjoin a tax for mere irregularities is also stated in *Herschbach* v. *Kaskaskia Island Sanitary and Levee District,* 265 Ill. 388, and *Beardsworth* v. *Whiteside and Rock Island Drainage District,* 356 Ill. 158, but in both cases the injunction against the collection of the taxes was sustained because of their illegality, and the remedy at law held to be inadequate.

However, while expressions have been used in some cases that special circumstances showing irreparable injury must be alleged, or that an injunction will not lie where there is an adequate remedy at law, so far as we are able to discover they were all used in situations where an irregular, as distinguished from an illegal, tax was involved. We find the principle firmly established that equity has jurisdiction to enjoin the collection of an unauthorized tax, although there exists a concurrent remedy at law.

Appellant makes the further suggestion that in all of the cases relied upon by appellee the tax had been levied upon real estate or personal property, which rendered it subject to sale or distraint, and therefore to prevent a loss of the property the collection was enjoined; that such a situation does not exist here, because as yet there has been no assessment and no process taken to collect money from the taxpayer, and therefore, although appellee may be correct so far as enjoining the collection of taxes against real and personal property, such cases have no application to the present situation. Appellant places reliance upon the case of *Acme Printing Ink Co.* v. *Nudelman,* 371 Ill. 217, where a class suit was brought to enjoin the Director of Finance from holding the distributors of printer's ink were subject to the Retailers' Occupation Tax Act, and also to determine what sales, if any, were subject to the act. After holding that such distributors were "retail sellers" subject to the act, the court commented that if in making the assessment nontaxable sales were included, the statute provided a remedy, and that the court could not anticipate the Department would violate the law. It thus appears, the court having held the occupation was taxable, there was no illegal act of the Director of Finance to be enjoined. The occupation being taxable the ground for injunction failed.

It must be kept in mind that the tax involved is upon the occupation. It is not levied by a municipal body each year. It is a tax to which every retail dealer is subject, and the statute is self-executing in determining from whom taxes are due. When the Director of Finance holds a person or business is in an occupation subject to the tax, when in fact such person or business is not in the occupation of retail sales for use or consumption, he has required such persons to pay monthly the occupation tax, and on default to have the assessment made together with penalties.

Thus, the action of the Department brings one within the operation of the statute and subject to the illegal exaction of taxes. The same may be said of the requirement of plaintiff to pay taxes on retail sales made in interstate commerce, which was expressly excluded by the statute.

We can see no substantial distinction between the Director of Finance taking a course of action which determines an occupation is taxable, when it is not in fact taxable, and of levying an unauthorized tax. In either event unless the action is restrained the taxpayer is required to pay unauthorized taxes. The same is true with respect to the acts of appellant requiring appellee to pay on sales contrary to rule 51. Thus, in *People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164, the State Board of Equalization attempted to collect capital stock tax in disregard of the rules of such board laid down for ascertaining such taxes, and it was held that in such case a court of equity would enjoin the tax as unauthorized and arbitrarily assessed in disregard of the board's rules for ascertaining value.

The actions of appellant compelled appellee to either make a return and produce its records, or bring its suit in equity to enjoin the action of the Director as amounting to a determination that its occupation was taxable. Since the remedies were cumulative plaintiff had a right to bring its complaint for injunction rather than to rely upon the procedure provided by the statute.

In several recent cases the question whether a plaintiff was engaged in an occupation that rendered him subject to the retailers' occupation tax has been determined by bringing an injunction against the Director of Finance. (*Peoples Gas Light and Coke Co.* v. *Ames,* 359 Ill. 152; *Revzan* v. *Nudelman,* 370 Ill. 180; *Mahon* v. *Nudelman,* 377 Ill. 331; *Allis-Chalmers Mfg. Co.* v. *Wright;* 383 Ill. 363; *Ayrshire Patoka Collieries Corp.* v. *Nudelman,* 383

Ill. 345; *Ex-Cell-O Corp.* v. *McKibbin,* 383 Ill. 316.) While the point was not raised or decided in these cases they are persuasive of the soundness of the practice.

The allegations contained in the complaint and admitted to be true by appellant's motion disclose a plaintiff who is not subject to the Retailers' Occupation Tax Act and the intention of the Director of Finance to make sales taxable which are declared not taxable under the rules of the Department. So long as such rules are in force they have the effect of law. We are of the opinion the complaint states a case where one not liable for the payment of the tax is made liable by the action of the Director, who is charged with the administration, enforcement and collection of such tax, and whose action, if not restrained, will result in requiring the plaintiff to pay unauthorized taxes and penalties thereon.

The complaint stated a cause of action, and the plaintiff properly resorted to equity under a long-established practice granting relief in cases of such character. We are satisfied the circuit court of LaSalle county had jurisdiction to entertain an equitable suit for injunction in this case, and that the facts alleged in the complaint justified its issuance.

The decree of the circuit court of LaSalle county is affirmed.

*Decree affirmed.*